**UNITED STATES of America, Appellee,**

v.

**Leland Eugene WENNER, Appellant.**

**No. 19568.**

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1969.

Certiorari Denied Jan. 19, 1970.
See 90 S.Ct. 700.

Stanley A. Grimm, of Rader & Grimm, Cape Girardeau, Mo., for appellant, and filed brief.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., was on the brief with Mr. Newton.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

Appellant, Leland Eugene Wenner, was found guilty by a jury in the United States District Court for the Eastern District of Missouri of unlawfully transporting a stolen automobile in violation of 18 U.S.C. § 2312. This appeal is from the judgment sentencing appellant to imprisonment.

The basic contention advanced by appellant, for the first time on appeal, is that his arrest was without probable cause and that evidence obtained thereby was inadmissible, or alternatively that the evidence was inadmissible because it was secured without a search warrant.

Court appointed counsel did not challenge the admissibility of the now disputed evidence by motion to suppress authorized by Rule 41(e) Fed.R.Crim.P., by objection during the course of the trial, or in his motion for a new trial. Consequently the facts and circumstances re-

lating to the arrest and the subsequent events were not fully explored and developed. Thus, we have before us a record which sheds little light on the cause for the arrest or the circumstances surrounding the search. We do know that in the early morning of April 12, 1968, appellant was arrested while occupying the stolen automobile, by a police officer of Caruthersville, Missouri. The officer became suspicious because the automobile bore an Ohio license and the occupant (appellant) was asleep. There is also some indication that he was intoxicated. Appellant and the automobile were taken to the police station. After an interval of time, not disclosed by the evidence, but on the same day of the arrest, the chief of police of Caruthersville, from a visual inspection, ascertained the color, make, model and year of the automobile, and the license and serial numbers. It was necessary for the officer to open the left front door in order to obtain the serial number. On the basis of the information in their possession the local authorities ascertained that the automobile had been stolen from the owner, Norman W. Fruits, of Parma Heights, Ohio on March 8, 1968.

In due time a complaint was filed against appellant by an agent of the Federal Bureau of Investigation. Appellant waived prosecution by indictment and on May 16, 1968, he was tried on an information. The government's case consisted of the testimony of the police officers, summarized above, and of Mr. Fruits, the owner of the stolen vehicle.

In his defense appellant did not dispute two elements of the offense, (1) that the automobile had been stolen and (2) that it had been transported by appellant from Ohio to Missouri. Indeed appellant's counsel stated during the course of the trial that element (1) was not denied. And appellant, who testified, admitted driving the automobile from Ohio to Caruthersville, Missouri. He denied, however, guilty knowledge, claiming that he had purchased the Chevrolet on March 11, 1968, from one Jim Robinson, an old prison acquaintance, in a saloon in Akron, Ohio. He testified that he paid $250 for the automobile, money assertedly won by gambling, received a copy of the title, and was assured by Robinson that the original title would be forwarded to him as soon as the finance company, who held the original, had been paid the amount due on a loan.

Notwithstanding appellant's failure to challenge the arrest, or the admissibility of *any* evidence offered against him at any stage of the proceedings in the district court, he would nevertheless at this late hour have us consider the merits of this issue. He, of necessity, seeks to invoke Rule 52(b), Fed.R.Crim.P., which permits the reviewing court to notice "[p]lain errors or defects affecting substantial rights" although they were not brought to the attention of the trial court.

To come within the "plain error" rule it is necessary for appellant to "demonstrate that the action of the trial court affected [his] 'substantial rights' resulting in a miscarriage of justice." McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965). In Gendron v. United States, 295 F.2d 897 (8th Cir. 1961), we refused to consider on appeal defendant's contention that his Fourth Amendment rights were violated where no motion to suppress or objection was made below. In so doing, Judge Van Oosterhout, now Chief Judge, cautioned against liberal invocation of the "plain error" rule:

> "The plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure." *Id.* at 902.

In light of these teachings we do not believe appellant has demonstrated the propriety of applying the plain error rule. Rather, we are of the view that this case falls within the rationale of the court in Gray v. United States, 114 U.S. App.D.C. 77, 311 F.2d 126 (1962), cert.

denied, 374 U.S. 838, 83 S.Ct. 1886, 10 L.Ed.2d 1057 (1963). In that Dyer Act case the defendant also failed to raise the illegality of his arrest at trial. In refusing to invoke the plain error rule the court stated:

"[w]e do not decide that probable cause is shown to have existed when the arrest was made. We conclude only that we are not in a position to hold that it did not exist. This uncertain situation is attributable to appellant's failure before or during the trial to take appropriate and available means to clarify the matter, if he thought the evidence excludable. Accordingly, we do not use the 'plain error' rule as a vehicle for reversing. We simply are unable to say that on this record there was plain error in not excluding the evidence." *Id.* at 127.

■■ We, too, do not hold that the arrest was legal, that the search, if any,[1] was incidental to a valid arrest, or that the appellant consented to the search. We merely conclude that because of the inadequacy of the record resulting from appellant's silence in the district court we are not in a position to intelligently and responsibly consider and decide these questions under the "plain error" rule.[2]

We do not believe, as appellant urges, that United States v. Nikrasch, 367 F.2d 740 (7th Cir. 1966) compels a contrary conclusion. In *Nikrasch,* the "plain error" rule was invoked in finding that the search was not incidental to the arrest, irrespective of the defendant's failure to object at trial. However, defendant had moved pursuant to Rule 41(e), Fed.R. Crim.P. to suppress the evidence prior to the trial. Thus the *Nikrasch* court *was* apprised of all the relevant facts necessary to determine whether the search had violated defendant's Fourth Amendment rights.

■ Appellant also argues that there was a fatal variance between the evidence and the information. The information read in pertinent part that: "Leland Eugene Wenner did transport in interstate commerce a certain stolen motor vehicle, to-wit one *1964* Chevrolet, bearing identification number 31847*F*178483 from Cleveland. * * *." The evidence introduced at trial showed that the stolen automobile was a *1963* Chevrolet with a serial number of 31847*6* 178483. We do not regard this variance as material and accordingly find no error by the trial court. E. g., Shaw v. United States, 392 F.2d 579 (9th Cir. 1968); United States v. Perry, 324 F.2d 871 (7th Cir. 1963); Franano v. United States, 277 F.2d 511 (8th Cir.), cert. denied, 364 U.S. 828, 81 S.Ct. 68, 5 L.Ed.2d 57 (1960); Johnson v. United States, 195 F.2d 673 (8th Cir. 1952).

■■ Lastly appellant contends that the evidence was insufficient as a matter

1. At least two circuits have found that the procuring of an automobile description, license number, and serial number by visual inspection and opening of a car door does not constitute a "search" within the meaning of the Fourth Amendment. United States v. Graham, 391 F.2d 439 (6th Cir. 1968); Cotton v. United States, 371 F.2d 385 (9th Cir. 1967). *Contra,* Simpson v. United States, 346 F.2d 291 (10th Cir. 1965). Because we hold that this issue cannot be considered under the plain error rule we deem it unnecessary to determine whether a search was in fact conducted.

2. An additional consideration persuades us that invocation of the "plain error" rule is improper. The entire thrust of appellant's defense rested on the contention that he had no knowledge that the automobile was stolen. This was evidenced by his own testimony, the nature of the cross-examination of prosecution witnesses, and the express concession by defense counsel in closing argument that the vehicle was stolen. It is to be noted that all of the evidence now objected to was introduced only for the purpose of showing that the vehicle was in fact stolen. Thus, assuming arguendo that there was a search and it was illegal, we are not convinced that introduction of its fruits so prejudiced appellant to compel reversal because of plain error. *See* Johnson v. United States, 362 F.2d 43 (8th Cir. 1966). *See also* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Erving v. Sigler, 413 F.2d 593 (8th Cir., August 6, 1969).

of law to warrant a finding that he knew the automobile had been stolen. Intertwined in this point is an attack upon the instruction which permitted the jury to infer guilty knowledge from appellant's possession of the stolen vehicle. No objection was registered to this instruction at trial as required by Rule 30, Fed.R. Crim.P. We find the contention lacking in merit. Appellant took the stand and offered an explanation for his possession of the automobile. The jury was not required to and manifestly did not believe appellant's explanation. It is urged, however, that the trial judge's instruction had the effect of requiring the defendant to prove his innocence. This same contention has been rejected by this court numerous times. *E. g.*, Teel v. United States, 407 F.2d 604 (8th Cir. 1969); McIntosh v. United States, 341 F.2d 448 (8th Cir.), cert. denied, 381 U.S. 947, 85 S.Ct. 1778, 14 L.Ed.2d 711 (1965); Harding v. United States, 337 F.2d 254 (8th Cir. 1964). We hold the evidence was sufficient to warrant submission of the case to the jury, and find no prejudice from the instruction.

The judgment is affirmed.