**UNITED STATES of America,**
**Appellee,**

v.

**Richard CABLE, Appellant.**

**No. 20617.**

United States Court of Appeals,
Eighth Circuit.

July 12, 1971.

Gerald R. Freeman, Minneapolis, Minn., for appellant.

Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Circuit Judge, and EISELE, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant Richard Cable has taken this timely appeal in forma pauperis from his conviction by a jury on four counts of an indictment charging counterfeiting violations under 18 U.S.C.A. §§ 472 and 473, and upon a count charging conspiracy to pass counterfeit money. Concurrent sentences of four and one-half years were imposed.

The sole issue relied upon for reversal is that "the Court erred in allowing testimony indicating that the defendant was guilty of a crime unrelated to the crime for which he was being tried."

Government witness Beebe testified on cross-examination that Cable is known for his shady dealings. The asserted error is based upon the following record made upon redirect examination which reads:

"BY MR. THOMPSON:

Q. Mr. Olson and Mr. Freeman both asked you in regard to shady dealings and Mr. Cable. How did you know Mr. Cable was involved in the shady dealings?

A. From what I had heard from other men, and I know that he has been known to carry a gun.

MR. FREEMAN: Your Honor, I will move that that answer be stricken as not responsive.

THE COURT: The last part of the answer will be stricken and the jury will disregard it.

BY MR. THOMPSON:

Q. Did you ever see Mr. Cable carrying a gun?

A. I did."

The witness initially on redirect examination volunteered the testimony that Cable has been known to carry a gun. This answer was stricken upon defendant's motion that the answer was not responsive. The court instructed the jury to disregard the answer. The witness then answered the question "did you ever see Mr. Cable carrying a gun" in the affirmative. No objection was made to the question nor was any request made to

strike the answer or to grant a mistrial, or to have the jury instructed to disregard the testimony. Defendant's failure to raise any objection to the question and answer in the trial court precludes review upon appeal absent plain error. United States v. Wenner, 8 Cir., 417 F.2d 979, 981; Cummings v. United States, 8 Cir., 398 F.2d 377, 380.

We have repeatedly held that the plain error rule should be applied with caution and should be invoked only to avoid a plain miscarriage of justice. United States v. Levin, 8 Cir., 443 F.2d 1101 (1971); United States v. Wenner, supra.

■ Defendant contends that the gun carrying testimony constitutes evidence of the separate, distinct and unrelated crime of guilt under 18 U.S.C.A. App..§ 1202(a) (1), which makes it unlawful for a convicted felon to possess or transport a firearm. We are convinced that no plain error is established. The time or circumstances of the gun carrying is not stated. Hence, there is no certainty that the incident occurred subsequent to the passage of the statute in 1968. The construction of § 1202(a) (1) presents troublesome problems. See United States v. Synnes, 8 Cir., 438 F.2d 764. The essential elements of the offense are (1) the knowing and willing (2) possession of a firearm (3) by a previously convicted felon. At the time the evidence was received there was no proof in the record that defendant had prior felony convictions. When the defendant later took the stand as a witness he admitted on cross-examination prior felony convictions.

The possibility of defendant's guilt on the gun carrying charge was not presented to the jury by argument or otherwise.

■ If any error was committed in receiving the gun carrying evidence, the error was harmless error under Rule 52(a) Fed.R.Crim.P. The evidence of defendant's guilt on the counterfeiting charges is very strong. We are satisfied that the brief isolated statement of the witness Beebe that he had at some in-

definite time in the past seen defendant carrying a gun played no part in influencing the jury to return the guilty verdicts.

The judgment is affirmed.