**UNITED STATES of America, Appellee,**

v.

**Richard D. WASKOW and Rosalie A. Waskow, Appellants.**

No. 74–1753.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1975.

Decided July 10, 1975.

Richard B. Dempsey, St. Louis, Mo., for appellants.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

The United States brought Richard D. and Rosalie A. Waskow (husband and wife) to trial on a three-count indictment charging unlawful activity in firearms. Count I charged that both Mr. and Mrs. Waskow knowingly engaged in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1) and § 924(a). Count II charged that on or about April 23, 1974, Mrs. Waskow, without a license, wilfully and knowingly sold a Savage .30–06 rifle to one Henry Shrodes, in violation of 18 U.S.C. § 922(a)(5) and § 924(a). Count III charged that on May 14, 1974, Mr. Waskow made a similar unlawful sale to Mr. Shrodes. Unknown to the Waskows, Mr. Shrodes was acting as an undercover agent for the Bureau of Alcohol, Tobacco and Firearms, United States Treasury Department.

The Waskows were acquitted on Count I, but convictions were secured on Counts II and III. The trial court suspended the imposition of sentence against Mrs. Waskow, and placed her on probation for two years. Mr. Waskow was fined $500. The Waskows have now taken this appeal. The sole issue raised is whether the trial court erred in refusing to give an instruction authorizing acquittal if the jury should find that the government investigators had so conducted themselves as to violate basic standards of decency and justice.

I

We briefly review relevant portions of the proceedings before the district court.

The evidence showed that Agent Shrodes, and another agent of the Bureau, one William Johnson, began the investigation of the Waskows upon appearance of a certain advertisement in the March 1, 1974, edition of *The Shotgun News*. This advertisement listed firearms and other property for sale and stated: "Contact Richard Waskow, Box 24275, St. Louis, Missouri." Pursuant to this advertisement, Agent Johnson began a correspondence with the Waskows, which culminated in Johnson and Shrodes meeting with the Waskows at their St. Louis, Missouri, residence in the early part of April 1974.

The agents dealt with the Waskows under "cover"; i. e., the agents maintained both fictitious names and occupations.[1] One of the agents described this practice as common and necessary in apprehending persons unlawfully dealing in or selling firearms.

The record abounds with evidence showing that appellants collected antique firearms and offered them for sale. However, the evidence also shows that appellants, who concededly were not licensed in any capacity, possessed a number of firearms which were not antiques. Specifically, the testimony of the two agents disclosed and the jury by its verdict found that the Waskows sold the modern weapons named in Counts II and III of the indictment. Although the evidence regarding the circumstances of these sales (and thereby the predisposition of appellants) was in some respects conflicting, relevant factual issues were resolved against appellants by the verdict of the jury.

The main thesis of the defense was that appellants had been entrapped by the agents, and were entitled to acquittal on that ground. The trial court gave an appropriate instruction on entrapment, to which no objection was made. As noted earlier, however, the court re-

1. The agents truthfully related, however, that they were out-of-state residents. The interstate nature of the transaction, a required element of the crime of which the Waskows were convicted, is thus not disputed.

fused to give a proffered instruction submitting the element of overreaching participation by the government agents. This instruction would have authorized the jury to acquit the appellants upon a finding that "the activities of the government's agents . . . have been intolerable and have gone beyond the limits of permissible law enforcement techniques . . . and that there has been such overreaching participation by government agents . . . as to constitute fundamental unfairness and to be offensive to the basic standards of decency, and shocking to the universal sense of justice."

In support of their argument that the court erred in refusing the proffered instruction, the Waskows generally contend that the agents in this case "were able to conceive of and effectuate a criminal indictment and conviction." Also, appellants direct considerable attention to rebuttal testimony by government witness Raymond Reynolds, a sergeant in the St. Louis Metropolitan Police Department. Sergeant Reynolds testified that he had once personally met Mr. Waskow, and that he had received two telephone calls from a person identifying himself as Mr. Waskow. In the latest call, received several days prior to trial, Sergeant Reynolds testified that the caller had offered to sell him a modern handgun. Although Reynolds was not absolutely certain that the latest call had actually been made by Mr. Waskow, he stated his belief that Mr. Waskow was the caller. This belief was based on the sergeant's prior conversations with Mr. Waskow and the fact that there was a reference in the latest call to a prior conversation.

Mr. Waskow admitted the prior associations, but denied making the latest call. Appellants contend on appeal (and argued to the jury) that the disputed call was made by a government agent representing himself as Mr. Waskow. To explain the reference by the caller to a prior conversation, appellants suggest that their telephone calls have been under government surveillance. Appellants offered no direct evidentiary support for these conclusory allegations of governmental wrongdoing. On this appeal they rely on recent notorious examples of misconduct by high officials and suggest that such bad conduct is contagious.

II

The record in this case does not support appellants' contention that the trial court erred in refusing to give the proffered instruction. Extensive citation of authorities is unnecessary for the settled rule of law that an instruction should not be given if it lacks evidentiary support or is based upon mere speculation. *United States v. Brown,* 482 F.2d 1226, 1230 (8th Cir. 1973); *Pacheco v. United States,* 367 F.2d 878 (10th Cir. 1966). Although the agents in this case were working under cover, there is no factual basis for the serious charge that their activities were "intolerable" or that they engaged in overreaching so as to offend basic standards of decency and justice. Moreover, appellants' theory regarding the disputed circumstances of the call to Sergeant Reynolds involves events postdating the weapon sales for which appellants were convicted.

We note that the Supreme Court, in the recent case of *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), largely repudiated the "government conduct theory" of entrapment, reaffirming that the principal element of the entrapment defense is "defendant's predisposition to commit the crime." *Id.* at 433, 93 S.Ct. at 1643. *Cf. United States v. Weber,* 518 F.2d 987 (8th Cir. 1975). Government conduct is relevant only when "so outrageous that due process principles would absolutely bar the government from invoking the judicial processes to obtain a conviction." *United States* v. *Russell, supra* at 431–32, 93 S.Ct. at 1643. In the instant case the defense of entrapment, as defined in *Russell,* was submitted to and rejected by the jury, which chose to

credit the agents' testimony of what had transpired. The evidence before the jury did not warrant the submission of the additional defense of outrageous governmental conduct.

Appellants' sole contention of error is rejected. The record attests to a fair trial under the supervision of a seasoned trial judge. The judgments of conviction are affirmed.