UNITED STATES of America, Appellee,

v.

Patricia MUELLER, Appellant.

No. 81–1529.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Nov. 16, 1981.

---

812

Rod W. Snow, Dixon & Snow, Denver, Colo., for appellant.

Judith A. Whetstine, Asst. U. S. Atty., N. D. Iowa, Dennis Ogden, Student Asst. to U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and HARRIS,* Senior District Judge.

ARNOLD, Circuit Judge.

Defendant Patricia Mueller appeals the trial court's[1] holding that she aided and abetted the commission of acts of prostitution, in violation of 18 U.S.C. §§ 1952 and 2.[2] She alleges that (1) there was insuffi-

---

* The Hon. Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Hon. Donald E. O'Brien, United States District Judge for the Northern District of Iowa. The parties waived trial by jury, and this case was tried to the court.

2. 18 U.S.C. § 1952 states:
    (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
    (1) distribute the proceeds of any unlawful activity; or
    (2) commit any crime of violence to further any unlawful activity; or
    (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, manage-

cient evidence to convict her, and (2) the conviction was inconsistent with the court's finding that "there is no evidence of affirmative cooperation or agreement to cooperate by defendant Mueller" (Designated Record (D.R.) 11). For the reasons stated below we reject these arguments and affirm.

## I.

In January 1978, defendant Mueller began working as a bookkeeper for an "escort service" which, in fact, promoted acts of prostitution in Denver, Colorado. It operated under the name C & M Enterprises, and was managed and owned by James Criswell, defendant's brother, and Paula Thortvedt. Ms. Mueller knew that the women working for this service committed acts of prostitution (Tr. 143).

Criswell and Ms. Thortvedt opened a similar "escort service" in Sioux City, Iowa, in March of 1980 (Tr. 126). Defendant gave Ms. Thortvedt money to finance it.[3] Lisa Huskinson, a C & M "escort," testified:

A. [Defendant] and [Ms. Thortvedt] were talking about money that [Ms. Thortvedt] needed; and [defendant] gave her the money to open up the agency in Sioux City, Iowa.

Q. Do you recall any other conversation about opening the agency in Sioux City?

---

ment, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
    (b) ... "unlawful activity" means (1) any business enterprise involving ... prostitution offenses in violation of the laws of the State in which they are committed or of the United States.
18 U.S.C. § 2(a) states:
    Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

3. The evidence did not establish that the money belonged to defendant.

A. Just basically what the money was supposed to be for, that so much money was supposed to be for an apartment, so much money for ads, phone bills and getting set up, so that was enough money.

(Tr. 105).

The "escort service" operated in Sioux City for two months. During this period Ms. Thortvedt and Criswell decided to release one of the "escorts," Fawnda Severn; pursuant to Criswell's directions, defendant fired her.

The Sioux City "escort service" was discovered and closed by law-enforcement authorities in May of 1980.

## II.

An appellate court must reject an assertion that there was insufficient evidence to convict, if when the evidence is viewed in the light most favorable to the government, it finds that the trier of fact could reasonably have inferred guilt beyond a reasonable doubt. See *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

There was sufficient evidence to support this conviction. Defendant gave Ms. Thortvedt money to travel to Sioux City and establish an "escort service." She further aided the operation when, at Criswell's direction, she fired Fawnda Severn for stealing money from the C & M office in Sioux City. The record indicates that defendant was fully aware that C & M was a "front" for acts of prostitution (Tr. 143).

## III.

The trial court's findings were not inconsistent. It found that Ms. Mueller did not cooperate in *conspiring* to commit the crime. In the course of explaining its decision to acquit defendant of conspiracy, the District Court said:

The Court concludes that the Government has failed to establish beyond a reasonable doubt that defendant Mueller was involved in a conspiracy. Although defendant Mueller may have had knowl-

edge of the illegal activities in Sioux City, Iowa, there is no evidence of affirmative cooperation or agreement to cooperate by defendant Mueller. *In short, the Court concludes there was no proof of preconcert or connivance by defendant Mueller. Lack of such proof is fatal to the Government's conspiracy count.*

(D.R. 11) (emphasis added). The court found, on the other hand, that the defendant did contribute to the *commission* of the crime. "The Court concludes that the Government has proven beyond a reasonable doubt that *Defendant Mueller did aid and abet in the illegal activity conducted in Sioux City, Iowa* in violation of 18 U.S.C. § 1952 and § 2" (emphasis added). (*Ibid.*) Aiding and abetting is a crime separate and distinct from conspiracy. A defendant may be guilty of one and not the other. The District Court's statement that "there is no evidence of affirmative cooperation or agreement to cooperate by Defendant Mueller," if read in isolation, seems inconsistent with a finding that defendant had aided and abetted the commission of a crime. When the District Court's findings are read in their entirety, however, it is clear that it found simply that defendant's cooperation with the illegal enterprise was not explicit enough to justify an inference that defendant had agreed with Criswell or others to commit the offense. She did not connive to commit the crime, but she did help others commit it. The distinction is sometimes blurred in practice, but it is well recognized in law.

We have also reviewed defendant's allegation that the District Court erred in admitting hearsay. The contention is without merit. The statements complained of were made in defendant's presence.

Affirmed.