UNITED STATES of America, Appellee,

v.

Irvin Edward YOUNG, Appellant.

UNITED STATES of America, Appellee,

v.

Gilbert Clarence YOUNG, Appellant.

Nos. 82–1867, 82–1868.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1982.

Decided March 10, 1983.

McMillian, Circuit Judge, filed concurring opinion.

Stanley E. Whiting, Day, Grossenburg & Whiting, Winner, S.D., for Irvin Edward Young.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for respondent.

Max A. Gors, Maher & Gors, Pierre, S.D., for Gilbert Clarence Young.

Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS,* Senior District Judge.

OREN HARRIS, Senior District Judge.

Separate indictments were returned by the grand jury for the District of South Dakota against Irvin Edward Young and Gilbert Clarence Young, American Indians, on charges of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(c), and first degree burglary in violation of S.D.C.L. § 22–32–1. Both defendants entered pleas of not guilty. On April 29, 1982, the trial court[1] ordered the cases consolidated for trial. Trial commenced on May 26, 1982. On May 29, 1982, defendants were found guilty by a jury of the lesser included offense of simple assault. Defendant Gilbert Young was found

not guilty on the burglary charge. The jury was unable to reach a verdict on the burglary charge against Irvin Young and the trial court declared a mistrial on this count of the indictment. The court sentenced both defendants to serve three-month jail terms.

From their convictions on simple assault, the defendants have filed this appeal. The appeals have been consolidated. Four grounds for reversal are argued.

On the afternoon of November 2, 1981, Thurman Cournoyer, a resident of Rosebud, South Dakota, walked to the house of James Young, the adult brother of the defendants, in order to resolve difficulties which had arisen between their children. He was accompanied by his wife and children. Upon his arrival, Maxine Young, the wife of James, informed him that James was not at home. Cournoyer explained the purpose of his visit and told Maxine that if James "wants to talk to me, I'll be home." Cournoyer and his family then returned to their residence. By 10:30 p.m. that night everyone in the Cournoyer residence was in bed except Thurman.

That same afternoon, James Young and his brother, defendant Irvin Young, drove from Rosebud to Mission where they purchased beer and schnapps. After driving around and drinking part of their purchases, they went to the residence of their brother, defendant Gilbert Young, where they remained until shortly after 10:00 p.m. About that time, James Young received a report that his wife had been beaten. The three brothers immediately left for Rosebud and the home of James Young. The report proved to be false.

The Youngs then traveled to the residence of Thurman Cournoyer. The group, including defendants Irvin Young and Gilbert Young, led by James Young, went to the door of the Cournoyer residence. Cournoyer opened the door of his home, which was located down a small flight of stairs

* Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

from the living room of his split level home. James Young invited him to "step out." When Cournoyer declined, James Young reached in and punched him. Cournoyer attempted to close the door but the Youngs pushed it open, knocked him against the stairway and began to beat him. Cournoyer testified that James Young pulled a handgun, threatened to kill him, and pistol whipped him. Cournoyer testified that during the scuffle he was beaten and kicked by all three Youngs.

Mrs. Cournoyer came out of her bedroom and went to the top of the stairs and saw three Youngs as well as two women hitting her husband. She threw a pickle jar and hit defendant Irvin Young. She then ran from the house to a neighbor's house and called the police. When she returned to the house, the Youngs were still inside her home beating her husband. The eight year old daughter of Cournoyer handed her a knife and told her to "help my dad." Mrs. Cournoyer then went to the landing inside the Cournoyer doorway and stabbed James Young. This brought an immediate halt to the altercation and the Youngs left and took James Young to the hospital.

### I.

Both defendants contend the trial court erred in giving a supplemental instruction to the jury. They characterize this instruction as coercive.

The trial began on Wednesday, May 26, 1982, and continued through Friday, May 28, 1982. The court instructed the jury on that day and the jury retired to deliberate between 2:30 and 3:00 p.m. At 8:56 p.m., the jury advised the court it had reached an impasse. The court discharged the jury for the evening and told them to return at 8:30 the next morning.

The next morning, Saturday, May 29, 1982, the court met with counsel and read a proposed *"Allen"* instruction. The defendants objected and moved for a mistrial. The motion was denied and the court read the following instruction to the jury at 8:30 a.m.:

. . . You're to take the instructions as a whole, not just one, but this is pertinent. The verdict must represent the considered judgment of each juror. In order to reach a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself but do so only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict, but remember at all times you are not partisans. You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case . . . .

. . . I guess it is pretty important to listen to each other, different views that others have. I think that's the advantage of the jury system is hearing your conferees out in what they have to say and discussing it with them.

The issues really aren't difficult. The law isn't difficult, but this business of making decisions is hard. That's the toughest part of not only serving as a juror but serving as a judge too. You have to say yes or you have to say no. There isn't much room for in between. There isn't any room for in between.

I think that's true in life. It's hard to make decisions. We're all inclined to want to let someone make it or put it off or contemporize about it.

I admonish you and I urge you to be attentive to each other and to do your best to see if you can't reach a unanimous verdict. You may now retire to conclude your deliberations in such manner as shall be determined by your good and conscien-

tious judgment as reasonable men and women.

At 10:40 a.m. the jury informed the court it had reached verdicts with the exception of one count against one defendant. The jury delivered its verdict on all but one charge. The court asked them to continue to deliberate on the final count. At 11:35 a.m. the jury informed the court it was at an absolute impasse. The court then granted a motion for mistrial on the burglary charge against Irvin Young.

■ This court has consistently refused to declare the *Allen* charge to be inherently coercive, prejudicial or unconstitutional. *Potter v. United States*, 691 F.2d 1275 (8th Cir.1982); *United States v. Dawkins*, 562 F.2d 567, 570, n. 3 (8th Cir.1977); *United States v. Skilman*, 442 F.2d 542, 558 (8th Cir.1971); *Hodges v. United States*, 408 F.2d 543, 558 (8th Cir.1969). However, the court has stated *Allen* charges must be utilized with great care and scrutinized carefully. The language of the charge cannot be, when all circumstances are examined, coercive in nature. *Jenkins v. United States*, 380 U.S. 445, 446, 85 S.Ct. 1059, 1060, 13 L.Ed.2d 957 (1965).

■ Four factors must be considered in analyzing whether an *Allen* charge is coercive: (1) the content of the instruction; (2) the length of time the jury deliberates following the *Allen* charge; (3) the total time of the jury deliberations; and (4) any indicia in the record of coercion or pressure on the jury. *United States v. Cook*, 663 F.2d 808, 809, 810–11 (8th Cir.1981).

In the present case, the jury deliberated two hours after the supplemental instruction was given. The jury deliberated a total of eight hours. There is no indicia of pressure or coercion in the record.

■ Further, the language employed by the trial court is almost identical to that approved by this court in *United States v. Cook, supra.* The language is innocuous; the instruction is nothing more than a gentle reminder to further consider the evidence, to listen to the views of others, and to attempt to reach a verdict. We find no error in the supplemental jury instruction.

■ The defendant Gilbert Young also argues that the *Allen* charges are prohibited by South Dakota law and, therefore, it was error for one to be given. While this may be the appropriate state law, this in no way governs procedure in the United States District Court. Rather, the federal rules of criminal procedure and federal decisions govern this criminal case. There is, as already stated, no prohibition in this circuit against the use of *Allen* charges in specific circumstances.

### II.

The defendants requested the jury be given an instruction on self-defense. The court refused stating, "Oh, yes, I've considered it. I wouldn't give a self-defense instruction where this occurs in the Cournoyer's home."

■ The record discloses that neither counsel for the defendants objected to the instructions given by the trial court. Rule 30 of the Federal Rules of Criminal Procedure states: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto ... stating distinctly the matter to which he objects and the grounds of his objection." The failure to object to a jury charge in a timely and specific manner results in waiver of objection on appeal. *United States v. Anderson*, 654 F.2d 1264 (8th Cir.1981); *Willis v. United States*, 530 F.2d 308 (8th Cir. 1976), cert. den. 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105.

■ Further, counsel for the defendants did not offer an instruction. Failure to offer a specific instruction precludes an appellant from complaining of the refusal to give that instruction. *United States v. Cable*, 446 F.2d 1007 (8th Cir.1971); *Cummings v. United States*, 398 F.2d 377 (8th Cir.1968).

### III.

■ The defendants were convicted of simple assault, a lesser included offense in the charge of assault with a dangerous weapon. Both defendants argue there is

insufficient evidence to support their convictions. This court, in reviewing the sufficiency of evidence, must assume the truth of the government's evidence and give the government the benefit of all reasonable inferences. An appellate court must reject an assertion that there was insufficient evidence to convict if, when the evidence is viewed in the light most favorable to the government, it finds that the trier of fact could reasonably have inferred guilt beyond a reasonable doubt. *United States v. Mueller,* 663 F.2d 811 (8th Cir.1981); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). It is not necessary that the evidence exclude every reasonable hypothesis except that of guilty. Rather, it is sufficient if evidence convinces the jury beyond a reasonable doubt that the defendant is guilty. *United States v. Knife,* 592 F.2d 472 (8th Cir.1979); *United States v. Cox,* 580 F.2d 317 (8th Cir.1978).

We have carefully reviewed the evidence and find it is sufficient to sustain the convictions.

### IV.

Defendant Gilbert Young asserts the trial court incorrectly permitted the introduction into evidence of a 1973 conviction for larceny. As previously stated, the present trial was conducted in May, 1982, some nine years after the prior conviction.

Rule 609 of the Federal Rules of Evidence states:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement regardless of the punishment.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction ....

Defendant Gilbert Young's prior conviction was within the ten-year time limit prescribed by the rule. Credibility was extremely important in this case. The jury had to choose between accepting the testimony of either a government witness or that of the defendant. This court has stated that a trial court is in the best situation to determine whether the prior conviction should be admitted. *United States v. Spero,* 625 F.2d 779 (8th Cir.1980). We do not find the trial court erred in admitting the prior conviction.

Finding no error which required reversal, we affirm the convictions of the appellants.

McMILLIAN, Circuit Judge, concurring.

I concur in the decision to affirm appellants' convictions and write separately only to indicate my continuing opposition to the use of *Allen* charges, which I believe are inherently coercive, *see United States v. Smith,* 635 F.2d 716, 720–22 & n. 7 (8th Cir.1980), and to note that had the self-defense instruction been preserved for review, I think that appellants' argument may have had some merit. However, I find no plain error.