**UNITED STATES of America, Appellee,**

v.

**Joanna McKNIGHT, a/k/a Jody McKnight, Appellant.**

**No. 85–2511.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1986.

Decided Sept. 2, 1986.

---

James R. Wyrsch, Kansas City, Mo., for appellant.

David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and STROM,* District Judge.

LAY, Chief Judge.

Joanna McKnight appeals from a judgment of conviction entered against her for obstruction of justice in violation of 18 U.S.C. §§ 1503 and 2 (1982). In 1982, the Federal Deposit Insurance Corporation (FDIC) turned over to the Federal Bureau of Investigation a matter involving possible violations of 18 U.S.C. § 1001 (1982) and 31 U.S.C. §§ 1058, 1059 and 1081 (1982), laundering of United States currency, by the Southern Missouri Bank. A grand jury was impaneled to investigate the matter. On April 16, 1982, Joanna McKnight, the head cashier of the Bank, was personally served with a subpoena duces tecum issued by the federal district court ordering her to produce certain Bank records for the grand jury. McKnight filed a motion to quash the subpoena which was denied by the district court on August 13, 1982. On August 30, 1982, David James, the Bank's new president, appeared before the grand jury but was unable to comply entirely with the subpoena since some of the requested records were missing.

In October, 1982, a receiver was appointed for the Bank. A bank examiner reviewed the Bank's records and found them to be in complete disarray. He found that the teller bundles, which contained the Bank's cash-in tickets, cash-out tickets, and proof tapes for 1977 through 1980, were missing as well as the Bank's money order records for the period under subpoena. All of the records, however, covering periods not within the subpoena's time limits were located.

Evidence was introduced at trial that in July of 1982 the owner of the Bank, Hugh Shannon, asked a friend, Joe Williams, to meet McKnight at the Bank's records room to help her destroy records which had been subpoenaed, but which were outdated. Williams went to the Bank and observed McKnight sorting through the Bank records and placing some of them in garbage bags. Williams then incinerated these records. Williams testified that McKnight had been "bad-mouthing" the Internal Revenue Service while doing this.

McKnight was indicted by the grand jury on several counts including obstruction of justice. A jury convicted McKnight of that charge. McKnight appeals her judgment of conviction.[1]

### Adequacy of the Indictment

McKnight claims that the trial court erred in refusing to dismiss Count IX of the indictment because it failed to allege that she acted willfully.[2] She charges that

---

* The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

1. McKnight was given a three year suspended sentence and placed on probation for a period of three years pursuant to 18 U.S.C. § 3651; she was also required to perform 200 hours of community service with a non-profit organization to be designated by the United States Probation Office within the first 30 months of the period of probation.

2. Count IX of the indictment reads:

> From on or about July 7, 1982, up to and including on or about August 4, 1982, HUGHEY J. SHANNON, a/k/a HUGH J. SHANNON, and JOANNA McKNIGHT, a/k/a JODY McKNIGHT, the defendants, corruptly did endeavor to influence, obstruct and impede the due administration of justice in the United States District Court for the Western District of Missouri in that the said HUGHEY J. SHANNON, a/k/a HUGH J. SHANNON, and JOANNA McKNIGHT, a/k/a JODY McKNIGHT, knowing that the Southern Missouri Bank, Mansfield, Missouri, formerly doing business as the Farmers and Merchants

this alleged defect violated her Sixth Amendment right to be informed of the nature of the charge against her and her Fifth Amendment rights to be protected against double jeopardy and to be tried only upon charges found by a grand jury.

The principal charge against McKnight was that she violated Title 18 U.S.C. § 1503 (1982), which states in pertinent part: "Whoever * * * corruptly * * * influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both." Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Powell,* 701 F.2d 70, 73 (8th Cir.1983). There is no defect in the indictment with respect to section 1503. However, McKnight urges that she was also charged with aiding and abetting under section 2 as well. Title 18 U.S.C. § 2(b) (1982) provides: "Whoever *willfully* causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." (Emphasis added). McKnight contends that since the act at issue in section 2 must be done "willfully," the failure to allege in the indictment that she committed the alleged act willfully requires a dismissal of the indictment.

An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged," Fed.R.Crim.P. 7(c)(1), which sufficiently informs the defendant of the accusations against him to enable him to pre-pare his defense and to afford him protection against being placed in jeopardy a second time. *United States v. Cartano,* 534 F.2d 788, 791 (8th Cir.), *cert. denied,* 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976). It is well established, however, that a defendant may be convicted of aiding and abetting under section 2 even though he may not have been formally charged in that capacity. *E.g., United States v. Beardslee,* 609 F.2d 914, 919 (8th Cir.1979), *cert. denied,* 444 U.S. 1090, 100 S.Ct. 1053, 62 L.Ed.2d 778 (1980); *United States v. Frye,* 548 F.2d 765, 767 n. 4 (8th Cir.1977).[3] The reason for this rule is that section 2 does not create a separate offense, it simply makes those who aid and abet in a crime punishable as principals. *United States v. Galiffa,* 734 F.2d 306, 312 (7th Cir.1984). It therefore follows that an indictment that merely alleges a violation of section 2 is inadequate. If a section 2 violation is alleged, some other substantive crime must be described as well. *See, e.g., United States v. Southard,* 700 F.2d 1, 19 (1st Cir.), *cert. denied,* 464 U.S. 823, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *Londono-Gomez v. Immigration & Naturalization Service,* 699 F.2d 475, 477 (9th Cir.1983). Thus, as the Fifth Circuit has noted, "18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, 'and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense'." *United States v. Walker,* 621 F.2d 163, 166 (5th Cir.1980) *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981) (footnote omitted) (quoting *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir.1971)).

---

Bank, had received a subpoena to provide bank records and documents to the grand jury inquiring in said district into possible violations of Title 18, United States Code, Section 1001, and Title 31, United States Code, Section 1058, 1059 and 1081, destroyed and caused to be destroyed the subpoenaed bank records and documents of the Southern Missouri Bank, Mansfield, Missouri, formerly doing business as the Farmers and Merchants Bank; all in violation of Title 18, United States Code, Sections 1503 and 2.

3. *See also, e.g., United States v. Galiffa,* 734 F.2d 306, 312 (7th Cir.1984); *United States v. Munoz,* 681 F.2d 1372, 1375 (11th Cir.), *modified on other grounds,* 692 F.2d 116 (1982), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1229, 75 L.Ed.2d 463 (1983); *United States v. Perry,* 643 F.2d 38, 45 (2nd Cir.), *cert. denied,* 454 U.S. 835, 102 S.Ct. 138, 70 L.Ed.2d 115 (1981).

Drawing on these principles, we have previously held that a conviction for aiding and abetting is valid even where the indictment does not allege that an act was done willfully, as long as the court's instructions properly informed the jury that willfulness was an essential element of the crime of aiding and abetting. *United States v. Lugo-Baez*, 412 F.2d 435, 440 (8th Cir. 1969), *cert. denied*, 397 U.S. 966, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970)."[4] In the present case, the court instructed the jury:

> The guilt of a defendant may be established without proof that she personally did every act constituting the offenses charged.
>
> "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."
>
> "Whoever wilfully causes an act to be done, which if directly performed by him or another, would be an offense against the United States, is punishable as a principal."
>
> In other words, every person who wilfully participates in the commission of a crime may be found guilty of that offense. Participation is wilful if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

There is no doubt that this instruction correctly identified for the jury the elements of aiding and abetting as defined in 18

4. *See also United States v. Krogstad,* 576 F.2d 22, 29 (3rd Cir.1978) (holding that willfulness need not be expressly alleged in an indictment charging a defendant with a violation of 18 U.S.C. § 2); *Grant v. United States,* 291 F.2d 746, 748 (9th Cir.1961) *cert. denied,* 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537 (1962) (holding that where willfulness is not an essential part of a substantive offense, it need not be alleged in an indictment which also cites 18 U.S.C. § 2). This rule of law is not to be confused with that set forth in cases such as *United States v. Fischetti,* 450 F.2d 34 (5th Cir.1971), *cert. denied,* 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1972) which held that willfulness must be cited in an indict-

U.S.C. § 2, and under our reasoning in *Lugo-Baez*, dismissal of the indictment in this case is not warranted. We are aware of those cases which hold a defective indictment is not cured by the court later instructing the jury properly,[5] however, those cases deal with a substantive offense and not an aiding and abetting theory. Here it is absurd to argue that the indictment is deficient in relating to a section 2 violation since it is not an offense itself and not essential to be pled in order to sustain a conviction of a substantive offense under an aiding and abetting theory. There can be no claim that the defendant was not aware of the accusation and the essential elements of the offense set forth. We therefore find no defect in the indictment.

## Jury Instructions

■ McKnight argues that the trial court erred in failing to instruct the jury that in order to convict her it must find that a judicial proceeding was pending and that she had knowledge thereof. The court instructed the jury on the elements of the crime of obstruction of justice:

> 1. The defendant destroyed documents which had been subpoenaed in connection with an investigation by a federal grand jury.
>
> 2. That by destroying said documents, the defendant endeavored to influence, obstruct or impede the due administration of justice in the matter then under investigation by the grand jury.
>
> 3. That the defendant's acts were done knowingly, willfully and corruptly.

ment alleging a violation of 29 U.S.C. § 186. *Id.* at 39. In that case, willfulness was an element of a § 186 offense. *See also United States v. Mekjian,* 505 F.2d 1320, 1324 (5th Cir.1975) (willfulness is an essential element of an 18 U.S.C. § 1001 violation and must be alleged in an indictment under that statute). In the present case, however, 18 U.S.C. § 1503 sets forth no willfulness requirement.

5. *See, e.g., United States v. Opsta,* 659 F.2d 848, 850 (8th Cir.1981); *United States v. Denmon,* 483 F.2d 1093, 1095 (8th Cir.1973).

McKnight did not object to this instruction at trial nor did she proffer the instruction to which she now claims she was entitled.

The law is clear that the failure to object to a jury charge in a timely and specific manner results in a waiver of objection on appeal. *United States v. Young,* 702 F.2d 133, 136 (8th Cir.1983); Fed.R.Crim.P. 30. Where a party fails to object to jury instructions in a timely manner, an appellate court may reverse a judgment only if the trial court committed plain error. *United States v. Farber,* 630 F.2d 569, 572 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). To show plain error, McKnight must demonstrate that the instruction affected her substantial rights resulting in a miscarriage of justice. *United States v. Big Crow,* 523 F.2d 955, 960–61 (8th Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976). We find the instruction was a correct statement of the law and properly informed the jury of the findings necessary to convict McKnight.

### Sufficiency of the Evidence

McKnight finally contends that the prosecution failed to prove beyond a reasonable doubt that a grand jury proceeding was pending at the time she allegedly destroyed the subpoenaed documents and that she had actual knowledge thereof. Furthermore, she asserts that there was insufficient evidence that the documents allegedly destroyed were the ones subpoenaed by the grand jury. In reviewing challenges to the sufficiency of the evidence, when the evidence is considered in the light most favorable to the government, an appellate court will not reverse if it finds that the jury could have reasonably inferred guilt beyond a reasonable doubt. *United States v. Mueller,* 663 F.2d 811, 813 (8th Cir.1981). A review of the record reveals ample evidence to support the jury's verdict.

Accordingly, following a careful review of the record, briefs, and arguments of the parties, this court holds that the trial court's denial of McKnight's motions for judgment of acquittal, new trial, and arrest of judgment was not error.

Judgment of conviction affirmed.