UNITED STATES of America, Appellee,

v.

Lawrence J. GANTOS, Appellant.

No. 86–1685.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1987.

Decided April 17, 1987.

Rehearing Denied May 12, 1987.

---

**42**

Charles E. Atwell, Kansas City, Mo., for appellant.

Anita L. Mortimer, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Following a jury trial Lawrence J. Gantos was convicted on four counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320. The district court[1] sentenced Gantos to four concurrent three-year terms of imprisonment, all but seventy-eight days suspended, and a special probation term of three years. On this appeal Gantos contends that (1) the district court erred by failing to give his requested specific intent jury instruction; (2) the statute under which he was convicted was unconstitutional; and (3) there is insufficient evidence to sustain his conviction. We affirm.

On three separate occasions, September 4, 6 and 16, 1985, Gantos sold a wristwatch bearing the label "Rolex" to an undercover agent. The watches sold for $80.00, $60.00 and $70.00 respectively. At the time of each sale Gantos did not represent the watches to be genuine Rolex. Indeed, Gantos affirmatively told the agent that the watches were Rolex copies. Gantos was arrested on September 19, 1985 after the undercover agent arranged to buy a large quantity of imitation Rolex watches. Forty-eight watches bearing the counterfeit Rolex label were seized. Gantos was indicted for four counts of trafficking in counterfeit Rolex watches and the jury returned a verdict of guilty on each count.

Section 2320 provides criminal sanctions for anyone who "intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services...." 18 U.S.C. § 2320(a). Gantos argues that a defendant must possess a specific intent to violate this statute before he may be punished. The district court rejected this argument and refused to give Gantos' proposed specific intent jury instructions.[2] The requirement that "a defendant

---

1. The Honorable Scott O. Wright, United States District Judge, Western District of Missouri.

2. Gantos' proposed jury instructions read:
    It is not necessary for the prosecution to prove that the defendant knew that a particular act was a violation of law. Unless and until outweighed by evidence in the case to the contrary, the presumption is that every person knows what the law forbids. However, evidence that the accused acted because of ignorance of the law is to be considered by the jury in determining whether or not the accused acted with specific intent, as charged.

**43**

must know that his act violates the law is ordinarily not an essential element of the offense." *United States v. Dougherty,* 763 F.2d 970, 974 (8th Cir.1985). Gantos' argument that a fair reading of the statute coupled with the "vague" legislative history supports a specific intent instruction is uncompelling.

> Subsection 2320(a) forbids intentional trafficking in goods or services when the defendant knows that the goods or services are counterfeit. Thus, the bill has two mental state requirements: First, that the defendant "intends" to traffic in goods or services, and second, that he or she "knows" that the goods or services are counterfeit.

S.Rep. No. 526, 98th Cong., 2d Sess. 11, *reprinted in* 1984 U.S.Code Cong. & Admin.News, 3182, 3627, 3637.

The required mental state is plainly set out in both § 2320(a) and the legislative history. Because Congress has explicitly spelled out the required mental state, *see Liparota v. United States,* 471 U.S. 419, 105 S.Ct. 2084, 2087, 85 L.Ed.2d 434 (1985) ("The definition of the elements of a criminal offense is entrusted to the legislature...."); *United States v. Bailey,* 444 U.S. 394, 406, 100 S.Ct. 624, 632, 62 L.Ed.2d 575 (1980) ("[C]ourts obviously must follow Congress' intent as to the required level of mental culpability for any particular offense."), and that mental state is not specific intent as defined in Gantos' proposed jury instructions, the district court correctly refused to give those instructions. *See United States v. Baker,* 807 F.2d 427, 428 (5th Cir.1986).

Gantos challenges two other omissions from the district court's instructions to the jury. Gantos' failure to make a timely and specific objection as to the omissions "results in a waiver of objection on appeal," Fed.R.Crim.P. 30; *United*

*States v. Young,* 702 F.2d 133, 136 (8th Cir.1983), and we will reverse only for plain error. *United States v. McKnight,* 799 F.2d 443, 447 (8th Cir.1986). Plain error results when the omitted instructions affect the defendant's substantial rights resulting in a miscarriage of justice. *Id.* Gantos first complains that the jury should have been instructed that the term "counterfeit" includes an intent to deceive a purchaser. Therefore, the argument continues, because Gantos told the undercover agent that the watches were copies, he cannot be guilty of trafficking in counterfeit goods. This argument is specious. Section 2320(a) is "not just designed for the protection of consumers. [It is] likewise fashioned for the protection of trademarks themselves and for the prevention of the cheapening and dilution of the genuine product." *United States v. Gonzalez,* 630 F.Supp. 894, 896 (S.D.Fla.1986); *see also United States v. Tarkington,* 812 F.2d 1347, 1348 (11th Cir.1987). Gantos' intent, or lack thereof, to deceive his immediate customer is not critical here.

The second omission was the district court's failure to include the element that Gantos had to intend to traffic in goods in the verdict directing instructions. Gantos, however, made no appropriate timely objection as contemplated by Fed.R. Crim.P. 30. When a defendant sits idly by while an alleged element of the offense is omitted, we are not prone to reverse absent a conclusion that the omission is plain error resulting in a miscarriage of justice. To do so would encourage sharp practices. A defendant could choose not to raise errors in instruction on points where the evidence is overwhelming in order to ensure a new trial on appeal. Here, the evidence of Gantos' intent to traffic is overwhelming and his guilt is clear.

---

The crimes charged in this case are serious offenses which require proof of specific intent before the defendant can be convicted.

"Specific intent" means more than general intent to commit an act. To establish specific intent the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the

law. Such an intent may be determined from all the facts.

*See* 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* §§ 14.10 & 14.03 (3d ed. 1977); Committee on Model Criminal Jury Instructions Eighth Circuit, *Manual of Model Criminal Jury Instructions for the Eighth Circuit* No. 3.12 (1986).

We have considered Gantos' arguments that § 2320 is unconstitutional and that the evidence is insufficient to sustain the verdict and find them to be without merit.

The judgment of the district court is affirmed.