UNITED STATES of America, Appellee,

v.

Steven Earl NEUMANN, Appellant.

No. 88–5044.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided Feb. 10, 1989.
Rehearing En Banc Granted April 26, 1989.

McGregor, Minnesota, taking approximately $16,611 in currency. Bank tellers described the robber as about five feet eight inches tall, wearing a long coat, jeans, and a broad-brimmed hat, with his entire face but for his eyes wrapped in cloth.

On August 1, 1987, Neumann was arrested. Two days later, Minnesota and federal authorities executed a search warrant for Neumann's pickup truck and attached camper. Approximately $4,000 in bills was recovered, along with receipts and other documentation for cash transactions postdating the robbery, including the purchase of the pickup and camper, boots and clothing, saddle and tack, a horse, and a horse-boarding contract. A jury convicted Neumann on two separate counts. He was sentenced to consecutive sentences of five and twenty years. This appeal followed.

## II. DISCUSSION

### A. *The Jury Charge*

Neumann alleges three errors in the trial court's charge to the jury. First, he argues that the court's comments on the evidence effectively directed a verdict against him on several elements of the charged offenses. Second, Neumann contends that the court's comments on the evidence unfairly omitted references to several factors favorable to the defense. Third, he contends the court's instruction on the possession of recently stolen property was in error because it confused possession of the stolen fruits of the crime (bank money) with possession of the allegedly stolen instrumentality of the robbery (a rifle).

██ We begin by noting that Newman objected to none of these particular errors at trial. Our review thus proceeds under a plain error standard. Fed.R.Crim.P. 52(b). Failure to object to the jury charge in a timely and specific manner precludes appellate review, and the judgment will be reversed only if the trial court committed plain error. *United States v. McKnight,* 799 F.2d 443, 447 (8th Cir.1986). This court

Mark D. Nyvold, Minneapolis, Minn., for appellant.

Joan N. Ericksen, Minneapolis, Minn., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and LARSON,[*] Senior District Judge.

MAGILL, Circuit Judge.

Steven Earl Neumann appeals from his conviction for bank robbery by the use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and (d), and use of a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1). Neumann alleges error in the judge's instructions and comments on the evidence, the scope of the search warrant, and the prosecutor's closing argument. We affirm the judgment of the district court entered on his conviction.[1]

## I. BACKGROUND

On May 28, 1987, a person armed with a rifle robbed the McGregor State Bank in

---

[*] THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota.

**1.** The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

will apply the plain error rule sparingly, and only where necessary to prevent a miscarriage of justice. *United States v. DiBenedetto*, 542 F.2d 490, 494 (8th Cir. 1976).

Neumann takes issue with the following portion of the trial court's instruction:

> I have the feeling, from the arguments of both lawyers and from listening to the evidence—and I kept pretty good notes—that there really isn't much question about these four requirements in one case and two in the other being satisfied, if this is the defendant who did the robbery. And, of course, that is the principal defense of the defendant—that he didn't do it and the government hasn't proved that he did it. So I think that, probably, may turn out to be the principal issue that you have for decision; not the satisfaction of these requirements, because it doesn't seem to be disputed that somebody came into the bank with a rifle and threatened people and shot up on the wall. And the three tellers told us how frightened and apprehensive they were. And money was gone, no question about it. Some $16,000.00.
>
> So these somewhat technical requirements for bank robbery and using a dangerous weapon in a crime of violence, it seems to me, are satisfied if, if this is the man who did it. [Tr. at 503.]

Although Neumann concedes that his counsel made no objection to these comments at trial, he contends that the plain error rule mandates a reversal of his conviction because in effect the trial judge expressed his opinion on his guilt as to some of the elements of the crime charged, and thereby impermissibly usurped the jury's function. *United States v. Brandom*, 479 F.2d 830, 833 (8th Cir.1973).

Given the great deference the jury may give the words and actions of the trial judge, we recognize the possibility of prejudice when the trial judge's comments display one-sidedness or the prejudgment of disputed issues. The jury might take such comments as a direction to find against the defendant. *Brandom, supra; United States v. Dunmore*, 446 F.2d 1214 (8th

Cir.1971), *cert. denied*, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972); *Quercia v. United States*, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). The propriety of the judge's comments must be viewed in the context of the complete charge to the jury. Here, the jury was informed that the government must prove each element of the charged offenses beyond a reasonable doubt, and that determination of guilt lay with the jury. The trial judge's comments on the evidence were prefaced with caution: "Now, these comments I make about the evidence are not intended to substitute the facts as you find them to be, but these are some comments I'm going to make to try to assist you in getting the point of it all and what the issue is." [Tr. at 502–03.]

█ Neumann contends that his plea of not guilty put each element of the charged offenses at issue, and therefore it was improper for the judge to comment that, apart from identity, the "somewhat technical requirements" of each offense seemed to be satisfied. In the context of the complete jury charge and the evidence presented at trial, we find that the trial judge's comments were a fair summary of the evidence, and did not relieve the jury of its duty to find that each element of the charged offenses was satisfied. The government put on a case which included direct evidence of the armed robbery of a federally insured bank. The trial judge correctly noted that this evidence was not contradicted. Newman's counsel conceded at the pretrial status conference and the jury charge conference that identification was the basic factual issue. The trial judge also properly focused the jury's attention on the "principal issue"—circumstantial evidence establishing that Neumann was the bank robber. We hold that the judge's comments on the evidence did not constitute plain error.

█ Neumann also claims that the court's summary of the evidence was one-sided because it did not include several aspects of the evidence that were favorable to his defense. We find no merit in this claim. Neumann did not make a timely

request at trial for the summary of his defense which he now claims should have been given. Furthermore, the comments suggested by Neumann on appeal were not supported by the evidence. *United States v. Lewis,* 718 F.2d 883, 885 (8th Cir.1983).

Neumann claims error in the jury instruction on the possession of recently stolen property. The judge instructed the jury that the possession of recently stolen or missing property is circumstantial evidence that could support an inference of guilt.[2] The alleged error arises in the judge's reference to possession of stolen currency and to the alleged possession of a missing (and presumably stolen) rifle used in the robbery.

Neumann's objection is apparently premised on the assumption that the jury would improperly infer from this instruction that the rifle was in fact stolen and was used by Neumann in robbing the bank. The impropriety comes in by the inferential leap from possession of the allegedly stolen rifle to the conclusion that Neumann indeed robbed the bank.

■ We find no reversible error in this instruction. The stolen property instruction was primarily directed to possession of the cash. Although Neumann was not charged with possession of the stolen rifle, or the theft of a rifle, the jury could reasonably conclude from the evidence that Neumann stole the rifle and used it in the bank robbery. A reference to both the stolen cash and the stolen rifle did not unfairly prejudice Neumann when the instructions are viewed as a whole.

### B. *The Search Warrant*

Neumann objected to the search and seizure of his pickup and camper by way of a pretrial motion in limine. At the pretrial suppression hearing, Neumann's attorney based his motion to suppress on the grounds that the warrant on its face failed to establish probable cause. On appeal, he argues that the warrant was overbroad, and that all of the evidence seized in the search should have been suppressed.

■ We dismiss this argument because Neumann's pretrial motion does not preserve the alleged error for review. "A party whose motion in limine has been overruled must object when the error the party sought to prevent is about to occur at trial." *United States v. Roenigk,* 810 F.2d 809, 815 (8th Cir.1987) (citations omitted). Given Neumann's failure to object at trial to the admission of the evidence seized under the warrant, this court will not consider on appeal any theory of inadmissibility not raised before the trial court. *Id.; United States v. Hugh Chelmers Chevrolet–Toyota, Inc.,* 800 F.2d 737, 738 (8th Cir.1986).

### C. *The Prosecutor's Rebuttal Argument*

■ Reversible error premised on prosecutorial misconduct may be established

2. The trial judge gave this instruction on possession of recently stolen property:

A further type of circumstantial evidence which the government presented to you was evidence of the defendant's alleged possession of Lester Hindermann's rifle and rifle case—you'll remember he said they were under the bed and, later, they were missing—and of large denominations of currency on several occasions, in Nevada and at the bar down in Shakopee or Belle Plaine and the like.

I tell you that possession of property recently missing or stolen is, ordinarily, a circumstance from which you, the Jury may reasonably draw the inference and find, in light of all the surrounding circumstances, that the defendant is guilty of the offense.

In considering whether defendant's alleged possession of recently-stolen property, like the gun and its sheath and the money, justifies an inference of guilt, the Jury are reminded that in the exercise of his constitutional rights, the accused need not take the witness stand and testify, and, also, it is to be remembered that the burden is always on the government to prove beyond a reasonable doubt every essential element of a crime before the defendant may be found guilty of it.

It is exclusively within your province to determine whether the facts and circumstances shown by the evidence in this case warrant the inference which the law permits you to draw from possession of recently stolen property. If any possession the defendant may have had of recently-stolen property, however, is consistent with innocence, or if you entertain reasonable doubt of guilt, then you must acquit the defendant. Not guilty. But if all of the evidence, direct and circumstantial, convinces you of his guilt beyond a reasonable doubt, then you should find him guilty. Tr. at 505–07.

where: (1) the prosecutor's remarks are improper; and (2) such remarks "prejudicially affected the defendant's rights so as to deprive the defendant of a fair trial." *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir.1985). Prejudice is assessed by gauging the cumulative effect of the misconduct, the strength of properly admitted evidence of the defendant's guilt, and any curative actions taken by the trial court. *Id.* at 460.

Neumann attempted to establish at trial that an individual interviewed by the FBI in the course of its investigation of the robbery was initially a suspect. Through the cross-examination of Special Agent Robert Harvey, defense counsel brought out what on appeal it characterizes as "the most damaging evidence to the government's case," *i.e.*, the description of the "suspect" as matching that of the robber and the suspect's opportunity to commit the robbery. In his closing argument, Neumann's attorney referred to Agent Harvey's testimony which included height and weight estimates of the suspect made by a non-testifying FBI agent's report.

■ The prosecutor's ostensibly prejudicial comments were made in rebuttal where she pointed out that the defendant's argument was speculative and based on the observations of a non-witness that the defendant had chosen not to call. We find that the prosecutor's remarks here were a fair response to remarks made by the defendant, and therefore the trial court did not abuse its discretion in overruling the defendant's objection to the prosecutor's argument.

Neumann contends that this rebuttal argument impermissibly shifted the burden of proof to the defense, effectively constituting an infringement of the defendant's fifth amendment right not to testify. *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965); *United States v. Kragness*, 830 F.2d 842, 869–70 (8th Cir.1987).

The defendant's exercise of his fifth amendment right not to testify was not infringed by the prosecutor's comments in this case. The prosecutor's comments were not directed to the defendant's failure to testify, but rather concerned the defendant's failure to call a witness. The prosecutor prefaced her remarks by stating that the defendant did not have to produce evidence or testify. The judge's instruction also informed the jury that the defendant did not have a duty to produce any evidence and that the government bore the burden of proof. The prosecutor's comments on the defendant's failure to produce Agent Surowitz as a witness were a fair reply to the argument raised by the defendant, *i.e.*, that Surowitz' testimony would establish that someone other than Neumann was a suspect in the robbery. *Kragness*, 830 F.2d at 872 (prosecutor properly pointed out that defendants could have called witnesses which defendants asserted the government should have called); *cf. United States v. Robinson*, 485 U.S. 25, 108 S.Ct. 864, 869, 99 L.Ed.2d 23 (1988) (no fifth amendment infringement where prosecutor's reference to defendant's opportunity to testify was a fair response to claim made by defendant). In this context, the prosecutor's comments were not improper. *See Rush v. United States*, 795 F.2d 638 (8th Cir.1986).

### III. CONCLUSION

Accordingly, we affirm the conviction.

ARNOLD, Circuit Judge, concurring.

I concur in the judgment of affirmance, but do so only with grave misgivings, which I would like to explain briefly.

In this case, the District Court virtually directed a verdict with respect to at least one element of the crime. It told the jury that "money was gone, not [sic] question about it." *Ante*, at 1104. It also strongly intimated that certain other elements of the crime, for example that the institution robbed was federally insured and that a dangerous weapon had been used, had been established.

One of the most precious of all our constitutional rights is that criminal cases must be tried to a jury, in the absence of waiver, which of course did not occur here.

That means that the jury, and no one else, must find that the government has proved each and every element of the crime beyond a reasonable doubt. A directed verdict in a criminal case is always error, and can never be harmless. See, *e.g., Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). So, if a proper objection to these jury instructions had been made by counsel for Neumann, it would be clear, at least to me, that this judgment would have to be reversed.

It is true, as the Court points out, that the judge's comments on the evidence began with a general caveat evidently intended to remind the jury that it was the sole factfinder. This general statement, however, came before the Court's specific comments, which were very pointed indeed, and the jury could reasonably have understood that they had to find the several elements of the crime that the judge described as "satisfied." *Ante*, at 1104. It is also true that some of the judge's comments were hedged. He said, for example, as to certain elements, not simply that they had been satisfied, but that "it seems to me" that they have been satisfied. *Ibid.* When the statement is read as a whole, however, I believe that a reasonable juror could have understood that the trial judge was limiting the jury's function to the "principal issue," that is, the identity of the robber. It follows that defendant may not have received a trial by jury at all, but rather a trial by judge, in stark violation of the Constitution.

In the present case, however, we must view these contentions not directly, but rather through the lens of plain error. When the focus of inquiry is thus widened, it is permissible for us to consider, in addition to the strict legalities, the facts that certain portions of the judge's charge were correctly stated, that the jury need not necessarily have understood him as instructing it to make particular findings, that some of the elements of the crime about which the judge expressed a view could reasonably be classified as "technical," and that, in truth, the judge's statement that the real issue in the case was the identity of the defendant was a correct one. Given this context, I reluctantly concur in

affirming this conviction. I wish to stress that our action does not mean, nor does the Court's opinion imply that it means, that this set of jury instructions would have been upheld if a proper objection had been made by counsel.

I add a word with regard to the search-and-seizure issue. Neumann's attorney, quite prudently, raised the issue by motion in limine, and a pretrial hearing on this motion to suppress was held. The motion was denied. Today, we decline to review the merits of this action, holding that the record has not been sufficiently preserved. We do so because the objection embodied in the motion in limine was not renewed when the evidence in question was actually offered at trial. *United States v. Roenigk*, 810 F.2d 809, 815 (8th Cir.1987), is cited in support of this holding. The citation is correct, and we are bound by *Roenigk*, but the rule of law thus applied is disquieting. If a lawyer properly makes a motion in limine and advances in support of it all of his contentions, and if the motion is fully aired in an evidentiary hearing, and if the motion is then denied, what sense does it make to require that the lawyer repeat, as if by rote, the same contentions when the evidence is offered at trial? Unless circumstances have changed, either by way of the discovery of new evidence or by way of a change in the controlling law, or unless the context in which the evidence was expected to be offered is somehow different from what it appeared to be at the time of the suppression hearing, such a requirement makes absolutely no sense. It wastes the time of counsel and court and is a trap for unwary lawyers. It is reminiscent of the rule of criminal procedure, once extant in the state courts of Arkansas, which required a lawyer, once an objection was overruled, to add the incantation "save my exceptions," on pain of losing the point for purposes of appellate review. Despite my feelings, however, *Roenigk* is the law of this Circuit, and we are obliged to follow it. I hope that the bar will take notice and avoid this kind of snare in the future.

With these comments, I concur in the result reached by the Court.

LARSON, Senior District Judge, concurring.

I concur in the judgment of affirmance, although, like Judge Arnold, I am troubled by some of the errors alleged on appeal in this case. I believe the better practice is for trial judges to refrain from commenting on the evidence, particularily in criminal matters, because of the dangers inherent in such a practice. Nonetheless, I agree that under the plain error standard of review, the alleged errors did not, when considered in the context of all of the circumstances of this case, result in a miscarriage of justice. *See United States v. Gantos,* 817 F.2d 41, 43 (8th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 175, 98 L.Ed.2d 128 (1987).