**UNITED STATES of America, Appellee,**

**v.**

**Ronald Lee WILLIAMS, Appellant.**

**No. 90–1847.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1990.

Decided Jan. 4, 1991.

James Wyrsch, Kansas City, Mo., for appellant.

Ronda Reems, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

PER CURIAM.

Appellant, Ronald Lee Williams, was charged in a three count indictment with bank robbery, using a firearm in the commission of a felony, and being a felon in possession of a firearm. He was convicted on each count. He was sentenced by the district court [1] to 360 months in prison on the bank robbery charge, to run consecutively with a five year sentence on the use of a firearm charge, but concurrently with a life sentence on the felon in possession charge. This appeal followed. We affirm.

Appellant's first point on appeal is a challenge to the sufficiency of the indictment. It is his position that the indictment fails to state an offense because each of the three counts lacks an allegation that he acted with criminal intent. We disagree. "An indictment is not fatally defective, though it fails to alleged felonious intent, if its wording parallels the statute." *United States v. Love,* 815 F.2d 53, 55 (8th Cir. 1987), *cert. denied,* 484 U.S. 861, 108 S.Ct. 177, 98 L.Ed.2d 130 (1987). Each Count of this indictment parallels the wording of the underlying statute. For this reason, the indictment is not defective.

Appellant's second point challenges the adequacy of the instructions. He maintains that the instructions given by the district court were improper because

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

they did not define "knowingly" and "willfully." However, he has raised this point for the first time on appeal, and "[n]o party may assign as error any portion of the charge ... unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection," Fed.R.Crim.P. 30. When no objection is lodged at the district court, we will reverse for plain error only. *See United States v. Gantos,* 817 F.2d 41, 43 (8th Cir.1987), *cert. denied,* 484 U.S. 860, 108 S.Ct. 175, 98 L.Ed.2d 128 (1987) [citing *United States v. McKnight,* 799 F.2d 443, 447 (8th Cir.1986)]. "Plain error results when the omitted instructions affect [appellant's] substantial rights resulting in a miscarriage of justice." *Id.*

While "knowingly" is included in 18 U.S.C. 924(a)(2), dealing with the penalty for one type of violation of 18 U.S.C. 922(g), appellant was tried and sentenced under 18 U.S.C. 924(e)(1). This section applies to a person with three violent felony convictions. It does not contain the term "knowingly." Neither does 18 U.S.C. 922(g) which defines the substantive offense. At any rate, the court in instruction number 14 dealing with 18 U.S.C. 922(g) and 18 U.S.C. 924(e)(1) required as its first element "that defendant knowingly possessed a firearm." (Add. A8). Whether appellant was entitled to the inclusion of this phrase in the instruction is questionable. But it is clear that in this circuit appellant was not entitled to a definition of "knowingly." *See United States v. Smith,* 635 F.2d 716, 719–20 (8th Cir.1980), holding that the word "knowledge" did not need to be defined. In the Manual of Model Criminal Instructions for the District Courts of the Eighth Circuit (1989 Revised Edition) section 7.03, p. 292, it is stated that "the Committee believes that in most cases the word 'knowingly' does not need to be defined." Clearly, it was not plain error to omit such a definition.

The Committee Comments to Instruction 7.02 recommend that an instruction on "willfully" not be used when it does not appear in the statute. "Willfully" is not an element of any of the charged offenses. Given the Committee Comments, an instruction on "willfully" was therefore not required. When the district court failed to give such an instruction, he did not commit plain error.

Appellant's third point challenges the district court's refusal to sever the felon in possession charge. Specifically, at the hearing on defendant's motion, defense counsel argued that the prejudicial effect arose from the fact that the defendant's three prior convictions were for armed robberies, two of which were armed bank robberies and similar in nature to the present offense. "The decision to sever is within the sound discretion of the [district court] and the denial of a motion to sever is not subject to reversal absent a showing of 'real prejudice.'" *United States v. Jones,* 880 F.2d 55, 61 (8th Cir.1989) [citing *United States v. Adkins,* 842 F.2d 210, 212 (8th Cir.1988)]. Appellant can show no real prejudice. The Government read a stipulation which stated that appellant had been convicted of three prior felonies. The stipulation contained no other information. Given the absence of any other information in this stipulation, the district court did not abuse its discretion in refusing to sever the felon in possession charge.[2]

Appellant's final point challenges the constitutionality of the Sentencing Guidelines. First, he maintains that the Guidelines violate the Presentment Clause of Article I. We have held otherwise. *See United States v. Barnerd,* 887 F.2d 841, 842 (8th Cir.1989). Second, he apparently maintains that the Guidelines violate his eighth amendment right to be free from cruel and unusual punishment because he was sentenced to life in prison for being a felon in possession. The Guidelines are not unconstitutional for this reason. Admittedly, the sentence is severe. It is, however, within the statutory maximum, and we cannot say that the district court abused its discretion. *See Castaldi v. United States,*

2. In point four of Appellant's brief, he challenges the impartiality of a juror. The corrected transcript establishes that this juror was not influenced by an outside communication.

783 F.2d 119, 123 (8th Cir.1986), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986) (sentence within statutory limit is generally not subject to review unless the district court manifestly or grossly abused its discretion).[3]

The judgment of the district court is affirmed.

3. *He also maintains that the Guidelines violate his fifth amendment due process rights. This argument is without merit.*