**UNITED STATES of America, Appellee,**

v.

**Carlas M. WATSON, Appellant.**

**No. 91–1917.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Jan. 8, 1992.

Rehearing Denied Feb. 14, 1992.

Michael Patrick Joyce, Charles E. Atwell, Kansas City, Mo., on appellant's brief, for appellant.

Charles Francis Teschner, Kansas City, Mo., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and VAN SICKLE,\* Senior District Judge.

VAN SICKLE, Senior District Judge.

Carlas Watson appeals her convictions on drug and weapon charges. She argues that she did not violate 21 U.S.C. §§ 841(a)(1) and 846 because she did not knowingly or intentionally attempt to possess with intent to distribute cocaine base, that she did not violate 18 U.S.C. § 924(c)(1) because she did not use a firearm during a drug trafficking crime, and that the district court[1] erred in giving certain jury instructions.

We affirm.

I. BACKGROUND

On June 2, 1990, two drug couriers, Estella Mosley and Estella Bell, were stopped in Los Angeles as they attempted to board the Amtrak train for Kansas City, Missouri. A consensual search of Mosley's suitcase revealed two kilograms of cocaine base (crack) with a street value of $200,000. Subsequently, Mosley and Bell cooperated with Drug Enforcement Administration (DEA) agents and, after being flown to Kansas City, conducted a controlled delivery of the cocaine bearing suitcase. On June 4, 1990, the Amtrak train from Los Angeles arrived in Kansas City. Mosley and Bell mingled with the crowd departing from the Los Angeles train. Soon thereafter, Frank Peerman approached Mosley and took her suitcase. Special Agent Wammach, DEA, then stopped and arrested Peerman.

Meanwhile, DEA Special Agent Hicks observed Watson circling the area watching Peerman and Agent Wammach. Agent Hicks approached Watson and after identifying himself engaged her in conversation. After learning that Watson had driven to the train station with Peerman to pick up two ladies, Agent Hicks conducted a consensual search of Watson's automobile. The search revealed a loaded .22 caliber revolver under the front seat and $6,340 in cash in the glove compartment. Watson stated that the gun was hers and the cash was Peerman's. At that point Watson was arrested. Watson then agreed to let the police search her one bedroom residence where she lived with Peerman. The search revealed a loaded AK–47 assault rifle underneath the bed. No drugs or cash were found.

Thereafter, Watson was indicted on four counts. On November 9, 1990, following a jury trial, Watson was convicted on Count Two; attempting to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and on Count Three; using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).[2] Watson was

\* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

2. Watson was acquitted on Count One; conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and on Count Four; allowing her residence to be used for purposes of distributing cocaine base in violation of 21 U.S.C. § 856. Peerman

sentenced to a total of 211 months imprisonment and fined $15,400.

## II. DISCUSSION

### A. *Sufficiency of the Evidence*

At the close of all evidence, the trial judge denied Watson's motion for judgment of acquittal. Watson insists that the presiding judge erred in denying the motion because there was insufficient evidence to sustain convictions on Counts Two and Three.

■ In reviewing an insufficiency of the evidence claim, "we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences." *United States v. Duke,* 940 F.2d 1113, 1117 (8th Cir.1991) (quoting *United States v. Ivey,* 915 F.2d 380, 383 (8th Cir.1990)). All reasonable inferences must be resolved in favor of the jury's verdict. *United States v. LaGuardia,* 774 F.2d 317, 319 (8th Cir.1985). The verdict will be reversed only if a reasonable minded jury must have a reasonable doubt as to the existence of one of the crime's essential elements. *Rothgeb v. United States,* 789 F.2d 647, 648 (8th Cir.1986).

Watson was convicted of attempting to possess with intent to distribute cocaine base. The relevant statute provides that "it shall be unlawful for any person knowingly or intentionally to ... possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 841(a)(1). Further, any person who attempts to commit this offense is subject to the same penalty prescribed for the offense. 21 U.S.C. § 846.

■ The requisite elements of an attempt crime are "(1) an intent to engage in criminal conduct, and (2) conduct constituting a 'substantial step' towards the com-

mission of the substantive offense which strongly corroborates the actor's criminal intent." *United States v. Joyce,* 693 F.2d 838, 841 (8th Cir.1982). Watson maintains that the government did not establish those elements.

■ Here, the evidence at trial pointed to Watson's participation in previous drug shipments. Mosley's daughter testified that on one occasion Watson picked up a package of cocaine from her for delivery to Peerman. Further, Mosley's other daughter testified that on one occasion Watson picked her up at the airport and took her to Watson's residence during a cocaine delivery. Also, Watson admitted to Agent Hicks that Peerman kept cocaine base in the refrigerator at her house and sold drugs out of her house. The record also shows that when Watson was initially questioned at the train station, she claimed to have traveled there by bus when in fact she had driven. Given this evidence, a reasonable minded jury could find that Watson intended to possess cocaine base for purposes of distribution and that she took a substantial step toward the commission of that crime.

Watson was also convicted of using a firearm during a drug trafficking crime. The relevant statute provides that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years." 18 U.S.C. § 924(c)(1).[3]

The offense of using a firearm requires a predicate drug trafficking crime.[4] Here, Watson has been convicted of a drug trafficking offense; attempted possession with intent to distribute cocaine base.[5] How-

---

was tried as a codefendant and was convicted on Counts One, Two, and Three.

**3.** The indictment charged Watson with "using" rather than "using or carrying" firearms. Consequently, the United States was required to prove that Watson used firearms.

**4.** The term "drug trafficking crime" includes any felony punishable under the Controlled

Substances Act, 21 U.S.C. § 801 et seq. 18 U.S.C. § 924(c)(2).

**5.** Count Three charged Watson with using firearms during and in relation to a drug trafficking offense, "that is, the offense of conspiracy to possess with intent to distribute ... as alleged in Count One." In addition, Instruction Eleven required the jury, in order to convict Watson of using a firearm, to find that she "committed the

ever, Watson maintains that the evidence was insufficient to establish "use" of a firearm "during and in relation to" her drug trafficking crime.

■ The government need not show that Watson was in actual physical possession of the firearm, or that she brandished or discharged it. *United States v. Curry,* 911 F.2d 72, 79 (8th Cir.1990) (citing *United States v. Matra,* 841 F.2d 837, 843 (8th Cir.1988)), *cert. denied,* — U.S. ——, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). The jury need only find a "sufficient nexus" between the gun and the drug trafficking crime. *United States v. Lyman,* 892 F.2d 751, 752 (8th Cir.1989), *cert. denied,* — U.S. ——, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990).

■ In the case sub judice, DEA agents found the .22 caliber revolver under the driver's seat of Watson's car, which she had driven to the train station for the purpose of picking up drugs. The car also contained $6,340 in cash. Peerman, carrying the drugs, was prepared to leave the train station with Watson for the car when stopped. The firearm was in a position to safeguard the drugs and cash and possibly to assist an escape. The presence and availability of the .22 revolver facilitated Watson's drug trafficking crime. *See United States v. LaGuardia,* 774 F.2d 317, 321 (8th Cir.1985). Accordingly, there was sufficient evidence for the jury to find that Watson used the .22 revolver during and in relation to her drug trafficking crime.

The AK–47 was found underneath the bed in Watson's home. While no drugs or cash were found in the home at the time of the search, the evidence showed that drugs had been stored in Watson's refrigerator and sold from her home. Watson contends that such evidence was insufficient to sustain a conviction as to the AK–47. We disagree. The house had been established as a drug storage and distribution point.

AK–47's are not the average layperson's preferred weapon for emergency defense.

Section 924(c)(1) prohibits the use of *a* firearm. While Watson might have been convicted of two violations of section 924(c)(1) because she used two firearms, *United States v. Freisinger,* 937 F.2d 383, 390 (8th Cir.1991), she was indicted on one count alleging use of both firearms. Instruction Eleven required the jury to find that Watson "knowingly used firearms." Thus, the jury found that Watson used both firearms.

**B.   *Jury Instructions***

■ Watson next contends that the district court committed plain error in giving Instructions Nine, Ten, Eleven and Twelve. Watson failed to object to any of the instructions at trial. The failure to make a timely and specific objection to the instructions "results in waiver of objection on appeal." *United States v. Young,* 702 F.2d 133, 136 (8th Cir.1983); Fed.R.Crim.P. 30. At this stage, the district court can be reversed only for plain error. *United States v. McKnight,* 799 F.2d 443, 447 (8th Cir.1986). To show plain error, Watson must demonstrate that Instruction Nine, Ten, Eleven or Twelve "affected her substantial rights resulting in a miscarriage of justice." *McKnight,* 799 F.2d at 447 (citing *United States v. Big Crow,* 523 F.2d 955, 960–61 (8th Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976)). *See also United States v. Gantos,* 817 F.2d 41, 43 (8th Cir.) ("When a defendant sits idly by while an alleged element of the offense is omitted, we are not prone to reverse absent a conclusion that the omission is plain error resulting in a miscarriage of justice."), *cert. denied,* 484 U.S. 860, 108 S.Ct. 175, 98 L.Ed.2d 128 (1987).

■ Instruction Nine defined the three essential elements of the offense of attempted possession with intent to distribute cocaine base. Instruction Ten advised

crime of conspiracy to possess with intent to distribute."

As noted, Watson was convicted of using a firearm during and in relation to the crime of conspiracy to possess with intent to distribute,

yet was acquitted of that predicate offense. Nevertheless, the inconsistent verdict will be reviewed only for sufficiency of the evidence. *See United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

the jury that they could convict Watson of that crime if she aided and abetted its commission.[6] The term "attempt" was not defined in either instruction and as a result, Watson claims, the jury was not instructed on an element of the offense. Watson points to the definition of attempt in the Model Criminal Jury Instructions for the Eighth Circuit, § 8.01. However, those instructions are not binding on the district courts. *United States v. Norton,* 846 F.2d 521, 525 (8th Cir.1988). There is no showing in the record that the defense requested an instruction defining attempt. The failure to instruct was not questioned by an objection. The word "attempt" is a word of general use. There is no showing of plain error.

Instruction Eleven required the jury to find that Watson "knowingly used firearms." The verdict form referred to the use of *a* firearm. As discussed above, the jury finding that Watson used both firearms encompasses the finding of a use of one firearm. Accordingly, Watson's argument is without merit.

For the foregoing reasons, the convictions are affirmed.

---

**6.** One who aids or abets the commission of an offense against the United States is punishable as a principal. 18 U.S.C. § 2.