991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Dorothy June McPHERSON Appellant.
UNITED STATES of AMERICA, Appellee,
v.
Wayne Gene BENSON, Appellant.
 Nos. 92-2078, 92-2321.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1992.
Filed: April 13, 1993.
 
 Before BOWMAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Wayne Gene Benson and Dorothy June McPherson were convicted of carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Each defendant has filed a separate appeal. We affirm.
 
 
 2
 Benson and McPherson pleaded guilty to conspiracy to distribute methamampetamine in violation of 21 U.S.C. § 846 and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). They pleaded not guilty to charges under 18 U.S.C. § 924(c)(1) of using a firearm in connection with their drug dealing activities. After a joint trial, they were convicted on the firearms charges.
 
 
 3
 McPherson and Benson admitted selling illegal drugs to an undercover agent from the garage of Benson's home. While executing a search warrant at Benson's residence a short time after the conclusion of the drug transaction, federal agents found a loaded semi-automatic 9mm handgun under a towel in the garage a short distance from where McPherson had stationed herself during the sale. At trial, Benson testified that he owned the weapon as part of his collection of guns. He stated that he had placed the handgun in the garage after the drug transaction was finished because a friend planned to look at the weapon and possibly buy it. He explained that he hid it from view because McPherson did not approve of guns. McPherson testified she did not know the gun was in the garage. Several witnesses testified that McPherson was afraid of guns and had never owned them.
 
 Sufficiency of the Evidence
 A. Benson
 
 4
 Benson argues that the trial court erred in failing to grant his motion for a judgment of acquittal because prosecutors did not present any evidence of the "evident need" for the firearm.[1] We disagree. The presence of the semi-automatic handgun in the garage a short time after the conclusion of the drug sale created an inference, despite Benson's testimony to the contrary, that Benson put the gun nearby for his own protection. Tape recordings of conversations between the defendants and undercover officer Dana Joseph Weir, a special agent with the Iowa Division of Narcotics Enforcement, also revealed to the jury that the defendants were suspicious that Weir might be a law enforcement officer. This evidence provides a "sufficient nexus" between the weapon and drug trafficking. See United States v. Watson, 953 F.2d 406, 409 (8th Cir. 1992).
 
 B. McPherson
 
 5
 McPherson argues that she should be granted an acquittal because, since she unaware of the gun's presence, she could not have used it. This argument fails to take into account McPherson's admission that she conspired with Benson to sell drugs. As we said in United States v. Lyman, 892 F.2d 751 (8th Cir. 1989), cert. denied, 498 U.S. 810 (1990), a finding that one member of a conspiracy used a gun to provide security for the group's drug operations "prove[s] intent by all members of the conspiracy to rely on the gun in an emergency." Id. at 753 (discussing United States v. Brett, 872 F.2d 1365, 1368 (8th Cir.), cert. denied, 493 U.S. 932 (1989)). Thus, McPherson's argument fails even if there was no evidence contradicting her dubious assertion that she was unaware of the gun's presence.
 
 Admissibility of the Tape Recordings
 
 6
 Benson and McPherson also challenge the trial judge's admission of tape recordings reproducing their conversations with the undercover agent in preparation for, and during, several drug transactions. They assert the prejudicial effect substantially outweighs the probative value of the conversations since the recordings do not mention guns. The tapes focus on the details of the drug transactions. Because Benson and McPherson admitted selling illegal drugs to Agent Weir, they contend the tapes did not advance the prosecution's case on the gun charge in any permissible way.
 
 
 7
 The general rule in this circuit is that the government is not bound by a defendant's offer to concede a fact. United States v. Hiland, 909 F.2d 1114, 1134 (8th Cir. 1990). We have said "[t]he rationale for the rule is to enable the government to present to the jury a complete picture of the events constituting the crime charged." United States v. Ellison, 793 F.2d 942, 949 (8th Cir.), cert. denied, 479 U.S. 937 (1986). Nevertheless, we weigh the probative value of the evidence against its prejudicial effect. Hiland, 909 F.2d at 1134. "A critical aspect of this assessment is whether the challenged evidence is probative of issues other than the one to which the defendants offered to stipulate." Id. Here, the tape recordings are probative of the defendants' involvement in the sale of narcotics. Although Benson and McPherson assert this evidence is cumulative because they concede they dealt drugs to Agent Weir, the tapes provided jurors with a "complete picture" of the nature of their business. There is little likelihood of prejudice since the evidence was redundant. Further, portions of the tape recordings were probative of the defendants' state of mind. The government was required to prove the presence of a gun "in light of the evident need" for it. United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985). The defendants contest the adequacy of the proof on this question. On the tapes, however, McPherson expressed concern about whether Agent Weir was, indeed, an undercover officer. These statements were probative of the defendants' "evident need" for a weapon. For these reasons, the district court did not abuse its discretion in permitting jurors to hear this evidence.
 
 Benson's Sentence
 
 8
 Benson challenges his sentence in two respects.[2] First, Benson challenges the trial court's reliance on testimony from James White, one of co-defendant McPherson's former lovers. White testified that he observed methamphetamine at Benson's residence, and because of his testimony, the trial judge expanded the amount of drugs for which Benson was responsible, increasing Benson's base offense level by two points. Benson argues the trial judge did not adequately consider White's motivation to lie. However, credibility determinations are left to the trial judge. There exists no valid grounds to disturb the trial court's determination.
 
 
 9
 Benson also argues the trial court was clearly erroneous in awarding him a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The trial court determined that Benson perjured himself when he told jurors that he put the handgun in the garage after the drug transaction concluded. Under section 3C1.1 of the Guidelines, a defendant who willfully obstructs the administration of justice "during the investigation, prosecution, or sentencing of the instant offense" should receive a two-level enhancement on his sentence. The Commentary to that section lists perjury as an example of obstruction of justice. The Supreme Court has upheld the constitutionality of this provision. United States v. Dunnigan, 113 S. Ct. 1111 (1993); see also United States v. Claymore, 978 F.2d 421, 423-24 (8th Cir. 1992).
 
 
 10
 Benson's claim is at odds with the jury's finding of guilt. He is asking us to substitute our judgment on credibility for that of the trial judge who saw and heard the evidence. We find the trial judge's credibility determinations amply supported.[3]
 
 
 11
 For the above reasons, we affirm.
 
 
 
 [1]
 Benson also challenges the trial judge's jury instructions defining "use" of a firearm under § 924(c). The trial judge's instruction that the weapon "be present and available in light of the evident need" tracks our decision in United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985), and reiterated recently in United States v. Sykes, 977 F.2d 1242, 1248 (8th Cir. 1992). We thus find no error in its use
 
 
 [2]
 The trial judge sentenced Benson to 121 months in prison on the drug charge, the low end of the range under the Guidelines. On the gun charge, the trial judge sentenced Benson to an additional 60 months to be served consecutively
 
 
 [3]
 We question whether application of the enhancement to Benson's sentence on the drug charge is appropriate because his effort at obstruction affected only the gun charge. However, Benson did not raise this issue in his appeal, and we decline to determine the question