52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Arthur J. ECKLES, Appellant.
 No. 94-3870.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 11, 1995.
Filed: Apr. 17, 1995.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 After a jury trial, Arthur J. Eckles was convicted of possessing fifty or more grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988) and of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) (Supp. V. 1993). The District Court[1] sentenced Eckles to 216 months in prison and five years of supervised release for the possession offense, a consecutive term of seventy months in prison and a concurrent term of two years of supervised release for the firearm offense, and a special assessment of $100. Eckles now appeals his convictions and his sentence for the possession offense.
 
 
 2
 At trial, the District Court (1) permitted a police officer to testify that Eckles was arrested in Chicago in 1992 for possession and distribution of heroin, (2) permitted another witness to testify that she had purchased cocaine base from Eckles repeatedly during the early part of 1992 and that Eckles was one of three men who sold cocaine base from her home for Robert Harper in December 1992, and (3) admitted into evidence a 1991 photograph showing Harper and Eckles holding shotguns and seated behind a coffee table covered with stacks of United States currency. Eckles argues that each of these decisions constitutes an abuse of discretion by the District Court because the evidence is inadmissible under Fed. R. Evid. 404(b). We disagree.
 
 
 3
 Evidence of other crimes or wrongs is not admissible solely to show the defendant's bad character and, thereby, to prove that he acted in conformity with that bad character by committing the crimes charged. Such evidence may be admissible, however, if it is relevant to other material issues, if it is similar in kind and reasonably close in time to the acts charged, and if sufficient evidence exists to support a finding by the jury that the defendant committed the prior act. United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994). The testimony Eckles challenges tends to prove that he knowingly possessed cocaine base. The photograph Eckles challenges tends to prove "a sufficient nexus between the gun and the drug trafficking crime." United States v. Simms, 18 F.3d 588, 592 (8th Cir. 1994) (quoting United States v. Watson, 953 F.2d 406, 409 (8th Cir. 1992)). The challenged evidence was thus relevant to material issues in the case. Additionally, there was sufficient evidence to permit the jury to conclude that the other acts occurred, and the acts are similar and reasonably close in time to the acts underlying the offenses charged in this case. Like most evidence offered by the government in a criminal case, this evidence is prejudicial to the defendant; its prejudice, however, does not substantially outweigh its probative value. See Fed. R. Evid. 403. The District Court's admission of this evidence was not an abuse of discretion.
 
 
 4
 With regard to his sentence for possession of fifty or more grams of cocaine base, Eckles argues that the 100-to-1 ratio for possession offenses involving cocaine base violates the equal protection component of the Due Process Clause. See U.S. Const., Amend. V. We repeatedly have rejected this contention. United States v. Clary, 34 F.3d 709, 712-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995); United States v. Maxwell, 25 F.3d 1389, 1396-97 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994).
 
 
 5
 For the reasons stated, the decision of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri