**UNITED STATES of America, Appellee,**

v.

**Chareou Caprice CONDELEE, Appellant.**

**No. 91–2032.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1991.

Decided April 15, 1992.

---

4.  *Maldonado–Rivera* involves the same government wiretap operation that was at issue in

*Rios.*

Christopher C. Harlan, Kansas City, Mo., argued, for appellant.

Linda L. Parker, Kansas City, Mo., argued, for appellee.

Before ARNOLD,* Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Chareou Caprice Condelee appeals from the sixty-three-month sentence imposed by the district court following her guilty plea to one count of possession of cocaine with the intent to distribute. We affirm.

On March 3, 1989, DEA agents arrested Condelee at the Kansas City International Airport with 997.5 grams of cocaine. After a grand jury indicted her, she moved to suppress the evidence. The district court granted her motion on August 3, 1989. Condelee, who had been detained without bail as a flight risk prior to the suppression order, obtained her release on a $25,000 unsecured bond pending the Government's appeal. On October 3, 1990, this court reversed the district court's suppression order, and remanded the case for trial. *United States v. Condelee,* 915 F.2d 1206 (8th Cir.1990). Condelee then pleaded guilty to one count of possession of cocaine with intent to distribute.

Following receipt of the presentence report and a motion by Condelee for downward departure for substantial reasons,[1] the district court declined to depart, stating:

> Mr. Harlan and Ms. Condelee, as I told you before Mr. Harlan made his statement to the Court, I have considered the motion, I have considered the cases supplied by him, I have read them. It's my feeling, Ms. Condelee, that I cannot depart without a motion being filed by the Government requesting departure downward. Now, that the guidelines sentencing says, I think it puts a tail on there with unusual circumstances. I don't find those unusual circumstances.
>
> I am impressed by what you have done in this case, but because of your background, your prior drug convictions, I don't think that departure is warranted and I will not depart, but I will sentence you at the low end of the appropriate sentencing [range]....

Sent.Tr. at 9.

In this appeal, Condelee argues that: (1) the district court erroneously concluded it

---

* The Honorable Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

1. After her arrest, but before sentencing, Condelee participated in drug counseling for 16 months, and consistently tested negative for drugs. Condelee also attended the National Business Academy in Van Nuys, California, and graduated in May 1990 with a 3.6 out of 4.0 grade point average. From January to November 1990, she worked at a temporary employment agency. From January 1991 to May 1991 (when she entered prison), Condelee worked as an office employee for an air conditioning company, and received a favorable evaluation from her employer.

lacked authority to depart downward without a Government motion, and (2) her efforts at rehabilitation prior to sentencing justified a downward departure.

The comments of the district court seemed internally inconsistent. In the first paragraph of the remarks quoted above, the sentencing judge announced a lack of .authority to depart downward from the guideline sentence for the defendant's rehabilitation efforts. In the next breath, and in any event, the district court refused to depart.

Because of our uncertainty relating to the district court's intention, we remanded the cause but retained jurisdiction. Our remand order dated November 26, 1991 stated:

> we remand this case for the sole purpose of having the trial judge promptly clarify in writing whether the trial court in sentencing felt restricted to depart downward from the guidelines by an absence of authority, and, if that be the case, whether the sentence would have been the same or reduced, assuming that the sentencing judge possessed authority to depart downward from the guidelines.

In the response dated January 28, 1992, the district court stated: "On that date, if that option had been available to me, I would not have departed downward and I would have imposed the identical sentence that I imposed."

The district court's response to our remand also indicated some awareness at the time of the power to sentence below the guidelines in unusual circumstances. However, the district court also advised:

> The date I pronounced sentence on appellee, April 26, 1991, I was at that time consistently taking the position that under the Sentencing Guidelines, the Court did not have the option to depart downward, absent the filing of a motion to depart downward by the United States Attorney's Office.

Dist.Ct. Order dated Jan. 28, 1992.

■ In light of the remand order, and the response of the district court, we are obliged to affirm. This court lacks authority to review a sentencing court's exercise of its discretion to refrain from departing downward from the range established by the applicable guideline. *United States v. Oransky*, 908 F.2d 307, 309 (8th Cir.1990). We, however, specifically address the prior consistent position of the district court that it did not possess the option to depart downward from the guidelines absent a motion from the United States Attorney's Office.

■ Contrary to the district court's view, we have recognized the authority of sentencing judges to depart downward from the guidelines without any government motion, in unusual circumstances such as extraordinary restitution. As Judge Fagg wrote in *United States v. Garlich:*

> A district court has discretion to depart downward from a sentencing guidelines range if the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988); *see also* U.S.S.G. § 5K2.0. A district court can also depart from the guidelines based on a factor the Commission considered if the court finds that "in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0. In other words, "When a court finds an atypical case, one to which a particular guideline linguistically applies but [in which the defendant's mitigating] conduct significantly differs from the norm, the court may consider whether a departure is warranted." *Id.* ch. 1, pt. A(4)(b). A government motion is not a prerequisite to a departure based on unusual circumstances. *Compare* U.S.S.G. § 5K2.0 *with* U.S.S.G. § 5K1.1 (requiring government motion before departure for substantial assistance to authorities); *see also United States v. Harotunian*, 920 F.2d 1040, 1042–43 (1st Cir.1990).

*United States v. Garlich*, 951 F.2d 161, 163 (8th Cir.1991). *See also United States v. Rodriquez*, 724 F.Supp. 1118, 1120–23 (S.D.N.Y.1989) (personal characteristics, e.g., impressive rehabilitation following de-

fendant's arrest, empower a sentencing judge to depart downward from the guidelines).

Affirmed.