UNITED STATES of America, Appellee,

v.

**Eugene Thomas BLANC, Appellant.**

No. 93–3458.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1994.

Decided May 6, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 22, 1994.

Nathan Cohen, St. Louis, MO, argued, for appellant.

Edward J. Rogers, St. Louis, MO, argued, for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Appellant Eugene Thomas Blanc was sentenced to ninety months of confinement and sixty months of supervised release as a result of a single-count conviction for conspiracy to distribute cocaine in violation of Title 21, United States Code, sections 841 and 846. He raises four issues on appeal: (1) whether his sentence was properly enhanced for obstruction of justice; (2) whether he should have been granted a downward departure based on his efforts to conquer heroin addiction; (3) whether a search of his home violated the Fourth Amendment; and (4) whether the evidence was sufficient to convict him. Finding no error, we affirm.

## I. BACKGROUND

Blanc became acquainted with Curtis Wagner while both were residents of Florida. At that time, Wagner was supplying kilogram quantities of cocaine to Dennis Bilyeu for distribution in the St. Louis area. Wagner later got out of the drug business and became an over-the-road truck driver, an occupation that took him through St. Louis on occasion. During this time period, Blanc relocated to his hometown, Akron, Ohio.

On one of his road trips, Wagner contacted Bilyeu in St. Louis and discussed the possibility of supplying him with cocaine. Bilyeu expressed interest and Wagner began a search for a source.

Wagner visited Blanc in Akron. Blanc told Wagner that he had a source for cocaine and was selling about a kilogram a month in the Akron area. This contact ripened into the transaction with Wagner and Bilyeu for which Blanc was indicted.

At the relevant times, Bilyeu was cooperating with the government. When the transaction resulted in Wagner's arrest, he, too, agreed to cooperate.

Wagner testified that Blanc agreed to supply the cocaine to be sold to Bilyeu. Wagner met Blanc in Akron and Blanc supplied him with a spare tire in which a kilogram of cocaine was hidden. The price for the cocaine was to be $29,000.

Wagner took the tire to St. Louis and gave it to Bilyeu. A St. Louis drug task force observed the transaction, seized the tire and cocaine, and arrested Wagner. After the arrest, as indicated, Wagner cooperated with

the government. This led to a series of recorded telephone calls between Blanc and Wagner and resulted in Blanc coming to St. Louis to collect the purported proceeds from the sale. Blanc was arrested at that time.

At the time of his arrest, Blanc was on a methadone program in connection with heroin addiction. His supply of methadone was turned over to the medical personnel at the jail where he was incarcerated prior to trial. During an interview at the jail, Blanc gave written permission to search his home in Akron. He contends that this consent came only because he feared that he would not be given his methadone if he did not sign. Thus, according to Blanc, his permission was not voluntary.

Blanc testified at trial in his own defense. He stated that the money seized by the government at his arrest was currency he was loaning to Wagner to buy his own truck and that the recorded telephone calls between himself and Wagner prior to his arrest were part of a ruse to gain Wagner's trust. He further testified that he did not give Wagner the cocaine found in the tire.

## II. DISCUSSION

### A.

■ The district court imposed two additional points to Blanc's conduct offense level for obstruction of justice. This enhancement was based upon the district court's finding that Blanc committed perjury at trial. Blanc contends that the district court erred because it failed to make specific findings of untruthful testimony. *See United States v. Dunnigan,* — U.S. —, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993). We have examined the record and find that the district court did make such findings and that the record established a solid basis for the perjury enhancement. Sentencing Transcript at 20–21. Testimony given at trial can provide the basis for an upward adjustment. *United States v. Briggs,* 969 F.2d 689, 691 (8th Cir. 1992).

### B.

■ Blanc argues that his attempts to rehabilitate himself from his heroin addiction should have resulted in a downward departure from the guideline sentence otherwise calculated. We agree that Blanc's participation in a methadone program in an attempt to conquer his drug addiction is a laudable pursuit. Such effort should be rewarded under appropriate circumstances. This court, however, has generally viewed rehabilitative efforts in the context of acceptance of responsibility. *See United States v. Simpson,* 7 F.3d 813, 819 (8th Cir.1993). Here, as noted by the government, no acceptance of responsibility can be detected. Indeed, Blanc has steadfastly denied any involvement in the drug transaction at issue, even to the point of a perjury finding by the district court.

There is, however, an even more fundamental problem with this argument. A downward departure is within the sound discretion of the sentencing court and we have held that we lack authority to review an exercise of this discretion. *United States v. Condelee,* 961 F.2d 1351, 1353 (8th Cir.1992).

### C.

■ Blanc sought to suppress the evidence found after a search of his home in Akron. He contends that his written permission was involuntarily obtained. This, he states, occurred because of fear that his methadone would be withheld if he failed to cooperate. The district court, on the recommendation of the magistrate judge, overruled the pretrial motion after a hearing on the merits. We find no error in this holding. Further, as pointed out by the government, no evidence resulting from the search was offered at trial in the government's case-in-chief. Blanc himself raised the search issue on cross-examination of government witnesses and in his own direct examination. Thus, even if there were some merit to Blanc's contentions, the use of the evidence obtained in the search does not provide a basis for reversal of the conviction.

### D.

■ Blanc's final contention is a general assault on the sufficiency of the evidence. We are required to review the evidence in

the light most favorable to the government and to give the government the benefit of all reasonable inferences from the evidence adduced. *United States v. Groves,* 941 F.2d 664, 666 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 405, 116 L.Ed.2d 353 (1991). The observed cocaine delivery, the seized money, the monitored telephone calls and the testimony of co-conspirator Wagner provide more than sufficient evidence to establish the offense charged. This argument is without merit.

## III. CONCLUSION

Blanc was convicted and sentenced without error. The judgment is affirmed.