**UNITED STATES of America, Appellee,**

v.

**Donna Louise HADAMEK, Appellant.**

**No. 93–3495.**

United States Court of Appeals, Eighth Circuit.

Submitted June 20, 1994.

Decided July 5, 1994.

Robert E. Hough, Jr., Fort Smith, AR, for appellant.

P.K. Holmes, Fort Smith, AR, for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Donna Louise Hadamek appeals the final judgment entered by the district court[1] upon a jury verdict finding her guilty of making a false statement to a federally insured bank, in violation of 18 U.S.C. § 1014. We affirm.

The principal issue on appeal is whether the government failed to prove that the Bank of Waldron's deposits were federally insured on the date Hadamek made the false statement. Federally insured status is an essential element of a violation under 18 U.S.C. § 1014 and, therefore, must be established by the government. *United States v. Schermerhorn*, 906 F.2d 66, 69 (2d Cir.1990). We review the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences from the evidence adduced. *See United States v. Blanc*, 24 F.3d 1029, 1031–32 (8th Cir.1994).

At trial, Bill Philpot, who was president of the bank at the time of the fraud, testified without contradiction that the bank's deposits "are" insured by the Federal Deposit Insurance Corporation (FDIC), that all banks insured by the FDIC are required to report

---

**1.** The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

apparent crimes to the FBI, and that he reported this fraud to the FBI. We conclude that this testimony was sufficient to allow the jury to infer that the bank was FDIC insured on the date of the fraud. *See, e.g., Schermerhorn,* 906 F.2d at 69–70 (bank vice-president's testimony that bank's deposits "are" FDIC insured was sufficient to allow jury to infer bank was insured at time of fraudulent loan application, where time span between crime and trial was "not too great" and there was no contrary evidence). That said, we are at a loss to understand why the government did not introduce more specific evidence regarding the bank's insured status on the date of the offense, including a copy of the certificate of insurance.

We reject Hadamek's additional argument that submission of unobjected-to instruction number six on the issue of insured status amounted to plain error, as Hadamek has not shown that the instruction "'affected her substantial rights resulting in a miscarriage of justice.'" *See United States v. Watson,* 953 F.2d 406, 409 (8th Cir.1992) (quoting *United States v. McKnight,* 799 F.2d 443, 447 (8th Cir.1986)).

The judgment is affirmed.