No. 95-3033

United States of America,    *
                             *
        Plaintiff - Appellee, *
                             *  Appeal from the United States
    v.                       *  District Court for the
                             *  Southern District of Iowa.
Donald G. McKee,             *        [UNPUBLISHED]
                             *
        Defendant - Appellant. *

Submitted:  March 12, 1996

Filed:  June 5, 1996

Before MAGILL, FLOYD R. GIBSON, and HEANEY, Circuit Judges.

PER CURIAM.

        A jury convicted appellant Donald G. McKee of illegally converting union funds in violation of 29 U.S.C. § 501(c) (1994), and the district court[1] sentenced him to twenty-two months of imprisonment.  McKee appeals his convictions and sentence, and we affirm.

I.    BACKGROUND

        The charges in this case stem from McKee's association with the American Federation of State, County and Municipal Employees ("AFSCME"). AFSCME is organized in a three-tier system.  At the top of the pyramid is AFSCME International, headquartered in

_____

        [1]The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa.

Washington, D.C. The second tier is comprised of the AFSCME State Councils, which exist in each state where AFSCME has members. The third tier includes the individual locals which are affiliated with the state councils in their respective states.

Between 1982 and 1994, McKee served as president of AFSCME's State Council 61, located in Iowa. In addition, he became an executive vice-president of AFSCME International in 1984. On November 16, 1994, the United States returned an indictment charging McKee with sixty-five counts of violating 29 U.S.C. § 501(c) by embezzling funds belonging to a labor union. The Government alleged that, over a four year period, McKee had on numerous occasions converted to his personal use resources rightfully owned by State Council 61. McKee carried out this scheme in two primary ways. First, he would regularly use the union's business credit card for personal expenditures. Also, he would obtain double reimbursement for certain business trips by procuring remuneration from both State Council 61 and AFSCME International.

Before trial, the district court granted McKee's oral motion in limine and agreed to exclude evidence concerning an extramarital affair between him and a woman named Lynn Pothast. Nonetheless, because Pothast had personal knowledge of the nonunion character of certain purchases McKee made with union funds, the court allowed her to appear as a Government witness. The court emphasized, however, that her testimony would be strictly limited to the nature of the transactions in question.

The jury subsequently returned convictions on sixty-four of the sixty-five counts. For reversal, McKee asserts that the Government presented insufficient evidence to support his convictions. He also claims that the district court erroneously permitted the introduction of evidence violative of the motion in limine. In addition, McKee challenges the district court's failure

2

to give a separate instruction defining "fraudulent intent" for the jury. Finally, McKee argues that the court committed sentencing error when it enhanced McKee's base offense level for more than minimal planning. We now consider these allegations.

## II.  DISCUSSION

### A.    Sufficiency of the Evidence

To obtain a conviction under 29 U.S.C. § 501(c), the Government must prove that the defendant union official "possessed fraudulent or criminal intent to deprive the union of its funds." United States v. Welch, 728 F.2d 1113, 1116 (8th Cir. 1984). The prosecution satisfies this element by demonstrating that the defendant "was sufficiently aware of the facts to know that he acted wrongfully and in contravention of the trust placed in him by the union and its members." United States v. Long, 952 F.2d 1520, 1524 (8th Cir. 1991)(quotations omitted), cert. denied, 506 U.S. 905 (1992).

McKee contends that there was insufficient evidence at trial to support the jury's finding that he possessed fraudulent or criminal intent to deprive State Council 61 of its funds. In evaluating the sufficiency of evidence, we view the evidence in the light most favorable to the Government. United States v. Nelson, 984 F.2d 894, 898 (8th Cir.), cert. denied, 508 U.S. 966 (1993). Furthermore, we draw all reasonable inferences and resolve all evidentiary conflicts in favor of the Government. Id. at 898-99. "[T]he evidence to support a criminal conviction is sufficient, as a matter of law, if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." Id. at 899 (quotation omitted).

Viewing the evidence against McKee under this standard, we easily conclude that it was sufficient to sustain the jury's

finding of fraudulent intent. The Government introduced ample circumstantial evidence indicating McKee knew that he was wrongfully betraying the union's trust by using council money for personal purposes. See United States v. Roenigk, 810 F.2d 809, 813 (8th Cir. 1987)("[I]ntent and guilty knowledge may be proven by circumstantial evidence, and frequently cannot be proven in any other way."). While McKee presented contradictory evidence which, if believed, could have convinced the jury that he subjectively thought his conduct to be proper, the jury, through its verdict, flatly rejected this theory. "It is not our function as a reviewing court to reverse based on a recognition of alternate possibilities." United States v. Bates, 77 F.3d 1101, 1105 (8th Cir. 1996)(quotation and alteration omitted).

Moreover, the question of intent is an issue peculiarly within the province of the factfinder, and "[a]ny uncertainty concerning the willful intent to commit the act is for the jury to resolve." Long, 952 F.2d at 1525 (quotation omitted). With these principles in mind, we conclude that there was sufficient evidence to support McKee's convictions for violating 29 U.S.C. § 501(c).

### B.    Evidentiary Rulings

McKee maintains that the district court committed reversible error when it allowed the prosecution on two occasions to introduce evidence prohibited by the pretrial motion in limine. We disagree.

The first incident involved a question posed by the Government during redirect examination of Diana Kouri, the bookkeeper for State Council 61. While cross-examining this witness, McKee attempted to raise an inference that he had abided by normal union practice when he ordered flowers for Lynn Pothast. In response, the Government asked Kouri whether she was "aware of any relationship between Mr. McKee and Lynn Pothast." McKee's attorney promptly objected to this question, and the court, following a

4

bench conference, sustained the objection. Significantly, the witness never answered the query and was immediately excused. McKee, however, asserts that the introduction of this inflammatory "evidence" unduly prejudiced the jury and requires reversal.

By styling this contention as an evidentiary challenge, we feel that McKee misapprehends the true nature of his claim. Because Kouri never answered the question asked of her, no evidence was introduced. Accordingly, McKee would have been better served by presenting this ground for reversal as a claim of prosecutorial misconduct. Construing the allegation as such, we hold that this single question, an isolated incident during the course of a seven day trial, does not represent the type of misconduct which we have previously found to justify relief. See United States v. Brown, 903 F.2d 540, 542 (8th Cir. 1990)("This court has previously found prejudicial error lacking where the prosecutor's question, though inartful, was never answered, and the weight of the evidence supported the defendant's conviction."). Moreover, McKee did not ask the judge to grant a mistrial or give a curative instruction relating to the prosecutor's question, and the district court did not commit plain error in failing to take these measures.

McKee also maintains that the district court committed error when it allowed Pothast to testify about a number of McKee's expenditures to which she was privy. According to McKee, the nature of some of this testimony, especially given the prosecutor's above-mentioned reference to a relationship between McKee and Pothast, had the potential to prejudice the jury against him. Our examination of Pothast's statements, however, reveals that she merely elaborated upon the nonunion character of the purchases in question; the Government in no way attempted to elicit evidence solely for the purpose of showing that McKee and Pothast were involved in an extramarital affair. Pothast's testimony was probative of counts contained the indictment, and the district court did not abuse its discretion under Rule 403 by allowing her

5

to appear as a Government witness.  <u>See</u> Fed. R. Evid. 403; <u>Roenigk</u>, 810 F.2d at 815 ("This court will not disturb the district court's admission of evidence over objections absent a showing of abuse of discretion.").

## C.    The Jury Instructions

McKee asserts that the district court committed error when it neglected to give a separate instruction defining "fraudulent intent." There is no showing in the record that the defense requested an instruction explaining this term, and we therefore review this claim under the plain error standard.  <u>United States v. Watson</u>, 953 F.2d 406, 410 (8th Cir. 1992).  Taken as a whole, the district court's instructions adequately conveyed to the jury that it could not convict McKee absent a finding that he subjectively believed his actions to be wrongful.  Thus, we cannot say that the court committed plain error.

## D.    More than Minimal Planning

Finally, McKee alleges that the court committed error when it enhanced his base offense level for more than minimal planning.  We will reverse the district court's application of this enhancement only for clear error.  <u>United States v. Wilson</u>, 955 F.2d 547, 550 (8th Cir. 1992).

The jury convicted McKee of committing sixty-four separate acts of embezzlement over a four year period.  We have previously stated that "the repetitive nature of the criminal conduct, by itself, may warrant this adjustment [for more than minimal planning]."  <u>Id</u>.  The district court did not commit clear error when it found that McKee had engaged in more than minimal planning.

**III. CONCLUSION**

For the reasons discussed above, we affirm McKee's convictions and sentence.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.